■ In the Matter of BROADWAY-SARANAC LAKE CORP., Respondent, v. BOARD OF ASSESSORS OF SARANAC LAKE et al., Appellants.— Appeal from an order of the Supreme. Court at Special Term, entered September 26, 1972 in Franklin County in a proceeding to review a real property tax assessment pursuant to article 7 of the Real Property Tax Law. The petitioner Broadway-Saranac was the owner of commercial realty in the Village of Saranac Lake, Town of Harriets-town, New York, which was assessed by the respondent board for the years in question for real property tax purposes at $39,500. Broadway-Saranac com-menced this proceeding to review this assessment and have it lowered. It was agreed by the parties that the equalization and assessment rate was 40%, and thus the only issue before us for review is the correctness of the finding by Special Term that the property had a fair market value of $63,500 which resulted in its order to lower the assessment to $25,400. The board had originally assigned the property a full value of $98,750 (thus producing the assessment of $39,500). Special Term took testimony and received appraisal reports of expert witnesses, determined that the market value testified to by petitioner's expert had the greatest evidentiary support, and adopted his figures. The board argues that its original assessment was entitled to be regarded as presumptively correct and that petitioner failed to overcome this presumption by a fair preponderance of the evidence. This contention is incorrect both legally and factually. While it is true that a presumption attaches to an assessment, that presumption must disappear once the taxpayer presents sufficient evidence to make out a prima facie case that the assessment is erroneous. Thereafter, " such presumption is not evidence in the case and may not be considered in weighing the evidence." (*People ex rel. Beardsley* v. *Barber*, 266 App. Div. 371, 373, affd. 293 N. Y. 706). On review of the record before us, we are not only satisfied that petitioner made out a prima facie case to overcome the presumption by the report and testimony of its expert, but we are equally satisfied that Special Term did not err in adopting the finding of that expert. Although his appraisal was not free from error, the *de minimis* errors which we do find do not detract from the over-all reliability of his report. Most of the criticisms made by the board, moreover, deal with matters of judgment, and it is clear to us that the exercise of judgment by petitioner's expert was generally supported by substantial facts and an understanding of the problem to a much greater degree than the board's expert. The weight of the evidence supports the determination. Order affirmed, with costs. Herlihy, P. J., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.