■ In the Matter of ADCOR REALTY CORP., Respondent, v ROBERT Z. SROGI, as Commissioner of Assessment of the City of Syracuse, Appellant.— Order and judgment unanimously affirmed, with costs. Memorandum: Respondent appeals from an order and judgment reducing the tax assessment for the years 1972 through 1975 on certain property located at 400-428 South Salina Street in Syracuse, New York. The subject property, presently operated as a department store, is partially owned by petitioner and partially leased to it by the City of Syracuse. We find no merit to respondent's contention that the admission into evidence of certain nationwide statistical abstracts of department store percentage leases which were at least indirectly relied upon by petitioner's appraiser in determining the net rental income of the subject property was error. Although an exception to the rule permits hearsay, such evidence must be introduced upon proper foundation (see, generally, Richardson, Evidence [10th ed], § 349). The testimony of petitioner's expert that these bulletins were carefully compiled by the National Institute of Real Estate Brokers and that they were relied upon by real estate consultants in making appraisals was more than an adequate foundation for their introduction. Nor did the admission of these abstracts contravene 22 NYCRR 1024.24(b). Their inclusion with petitioner's appraisal sufficiently apprised respondent of the reliance placed upon these abstracts. Furthermore, since petitioner's expert only relied upon the general observations made in the abstracts and not upon any one specific lease arrangement, specific grid adjustments to the subject property were unnecessary. Respondent's assertion that the court improperly "disregarded" its appraisals of the subject is also without merit. The record clearly indicates that the court considered the appraisals but totally rejected them as unreliable since they were based upon sales which were not comparable to the subject. We also find no error in the court's refusal to allow respondent to rebut the validity of the State equalization rate. Although in most

situations, such evidence must be allowed (see *Ed Guth Realty v Gingold,* 34 NY2d 440, 451) under appropriate circumstances the taxing authority may be collaterally estopped from challenging the State rate (see *McCrory Corp. v Gingold,* 52 AD2d 23). Since in *Matter of Presidential Plaza Corp. v Srogi* (50 AD2d 717, mot for lv to app den 33 NY2d 708), this same respondent admitted the validity of the same State rate to business property in Syracuse for the identical tax years in question here, it cannot now challenge the validity of that rate with respect to the subject premises. Respondent's final contention concerns the court's ultimate stabilization of the store's gross profits at $15,000,000. However, the choice of this figure was adequately supported by the record, and it should not be disturbed. (Appeal from order and judgment of Onondaga Supreme Court—review tax assessment.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Witmer, JJ.