OPINION OF THE COURT
John R. Tenney, J.
Respondents have moved for an order pursuant to CPLR 4403 confirming the report of the referee in this tax assessment proceeding. The subject property is operated as a seasonal mobile home park and is improved by 75 trailer sites with underground water, sewer and electrical connections.
Respondents’ appraiser gave evidence for only two of the four years in question, 1980 and 1981. He contended the market data approach was best suited for evaluation of this property.
Under section 102 (subd 12, par [g]) of the Real Property Tax Law, the market value of the trailers located on the premises on May 1, 1980 and May 1, 1981, but not owned by petitioner is properly included in the assessment along with the value of the land. Thus, the referee’s finding was that the value was $453,000 for all years despite the fact that the appraiser found a reduced value in 1981 of $433,000. The referee’s finding should be consistent with the proof because there was testimony that there were *216 fewer trailers on the premises. Therefore, the report should be modified for 1981 and the following years and the value determined as $433,700.
On this motion petitioner contends that the report of the referee should be rejected for two reasons. He first contends that since respondents’ appraiser failed to testify to market value for 1979 and 1982, petitioner’s appraisal of $84,000 must be accepted for those two years. More fundamentally, petitioner contends that the referee incorrectly utilized section 102 (subd 12, par [g]) of the Real Property Tax Law and, in so doing, contravened section 2 of article XVI of the Constitution of the State of New York, which states: “The legislature shall provide for the supervision, review and equalization of assessments for purposes of taxation. Assessments shall in no case exceed full value.”
Both contentions are without merit. There is a presumption of validity which attaches to all assessments. (Matter of American Broadcasting Cos. v Tax Comm., 83 AD2d 502, affd 57 NY2d 792.) The petitioner has the burden of proving by substantial evidence that the assessments are excessive. (Supra; see, also, Matter of Barker’s Stores v Board of Review, 74 AD2d 994.) Furthermore, the presumption of validity is sufficient unless and until “the taxpayer presents sufficient evidence to make out a prima facie case that the assessment is erroneous.” (Matter of Broadway-Saranac Lake Corp. v Board of Assessors, 43 AD2d 649.) Respondents’ failure to present appraisals for 1979 and 1982 is not sufficient to justify accepting petitioner’s appraisal. Petitioner must still make out a prima facie case.
To establish a prima facie case, petitioner must show that section 102 (subd 12, par [g]) of the Real Property Tax Law is unconstitutional as applied in this case. A similar contention was rejected by the Court of Appeals in New York Mobile Homes Assn. v Steckel (9 NY2d 533). The court first found that the Legislature had the power to classify trailers as real property for purposes of taxation. (Supra, p 538.) It then stated: “The statute, as we have seen above, seeks to include the value of the trailer in the assessment of the land and improvements thereon. In this respect the situation presented is no different from that involved in any case where a lessee erects a building or *217 other improvements on the realty of his landlord. Where the fee is privately owned, the real property tax attaches to the combined interests of all the parties interested in the land and the improvements thereon (Matter of Fort Hamilton Manor v. Boyland, 4 NY 2d 192, 198) *** [I]n the instant situation, the trailer park owner has the means at his disposal, by way of rent, to allocate the increased tax upon the owner of the trailer — the individual who rightfully should pay for it.” (Supra, p 539.)
The fact that the petitioner operates a trailer park which is only licensed from May 1 to October 1 does not change this result. The statute only excludes those trailers “located within the boundaries of an assessing unit for less than sixty days”. (Real Property Tax Law, § 102, subd 12, par [g], cl [1].) While instances of double taxation, in excess of the constitutional mandate, could arise under such a scheme, there has been no showing that any of the subject trailers have been taxed by any other assessing unit. “ ‘One cannot invoke to defeat a law an apprehension of what might be done under it and, which if done, might not receive judicial approval’ (Lehon v. City of Atlanta, 242 U.S. 53, 56.)” (Headley v City of Rochester, 272 NY 197, 204.) “If the statute is not properly administered, a proceeding may be brought to challenge the tax allegedly improperly assessed”. (New York Mobile Homes Assn. v Steckel, supra, at p 541.)
Since the petitioner has failed to sustain its burden of proof and since the original assessments do not exceed the value of the property as determined by the referee, the report of the referee should be confirmed as modified herein and judgment in favor of respondents should be entered.