■ In the Matter of PENTHOUSE MANUFACTURING Co., INC., Respondent, v ASSESSOR OF THE VILLAGE OF FREEPORT et al., Appellants. (Proceeding No. 1.) In the Matter of E. V. GAME, INC., Respondent, v BOARD OF ASSESSORS OF THE VILLAGE OF FREEPORT, Appellant. (Proceeding No. 2.) In the Matter of THREE C. REALTY CORP., Respondent, v BOARD OF ASSESSORS et al., Appellants. (Proceeding No. 3.) — In three proceedings pursuant to article 7 of the Real Property Tax Law to review tax assessments on certain real property, the consolidated appeals are from (1) an order and judgment (one paper) of the Supreme Court, Nassau County (McGinity, J.), entered August 9, 1983, which, in proceeding No. 1, granted assessment reductions on the real property of petitioner Penthouse Manufacturing Co., Inc., for specified tax years, (2) an order and judgment (one paper) of the same court, entered July 26, 1983, which, in proceeding No. 2, granted assessment reductions on the real property of petitioner E. V. Game, Inc., for specified tax years, and (3) an order and judgment (one paper) of the same court, entered July 18, 1983, which, in proceeding No. 3, granted assessment reductions on the real property of petitioner Three C. Realty Corp. for specified tax years. ¶ Judgments affirmed, without costs or disbursements. ¶ The three commonly used approaches to determine the value of realty are the comparative sales or market data approach, the income approach, and the cost approach. In *Matter of Merrick Holding Corp. v Board of Assessors* (45 NY2d 538, 542), the Court of Appeals pointed out that generally speaking "the most accurate standard is provided by the sales prices of comparable properties located within the same or similar competitive area in which a parcel being assessed is located". However, the court went on to say (p 542) that "in the absence of sufficiently reliable market data, alternative methods, such as income capitalization or, where necessary, reproduction costs, may be employed". In this case, the trial court's adoption of the income approach in valuing the subject industrial properties was well within the parameters of the *Merrick* case (*supra*), in light of all the evidence presented, the weaknesses in the village's comparable sales (including weaknesses or failures in adjustments), and the fact that the village's appraiser himself considered it necessary or advisable to correlate his market data approach with income approach valuations. We do not read the trial court's decisions as ignoring the standard of assessment adopted by the Legislature or as an adoption of a different standard of assessment. Rather, we conclude that

the trial court acted properly in using the income approach in this case and that it was not the court's intent to establish a per se income approach for Nassau County industrial properties, or to rule out the market data approach as appropriate for valuing industrial properties where sound evidence in support of the market data approach is offered. Therefore, this case should not be considered as precedent for the proposition that the market data approach is not applicable to industrial property in Nassau County. ¶ With respect to the subject of cost approach we note that neither the village nor the petitioner's appraiser utilized that approach in arriving at the fair market values of the properties. Consequently, we find no error in the court's rulings relating to cost evidence. ¶ In sum, we hold that the trial court's decisions were well within the range of the evidence and consistent with applicable law, and that the orders and judgments under review should be affirmed. Mangano, J. P., Bracken, Weinstein and Niehoff, JJ., concur.