■ In the Matter of GILPIN ASSOCIATES, Respondent, v BOARD OF ASSESSMENT REVIEW et al., Appellants.—In a proceeding pursuant to Real Property Tax Law article 7 to review assessments on certain real property for the tax years 1980/

1981, 1981/1982, 1982/1983 and 1983/1984, the appeal is from a judgment of the Supreme Court, Suffolk County (De Luca, J.), dated December 28, 1984, which reduced the assessments for each of the years under review.

Judgment affirmed, with costs.

We have examined the appellants' various contentions but find no reason to disturb the judgment under review. Two contentions, however, require special comment.

The appraiser for the petitioner, the appraiser for the appellants, and the trial court itself, relied upon the income capitalization approach. The appellants argue that this court's former exchange of appraisal rules (see, 22 NYCRR former 678.1 [e], now 22 NYCRR 202.59 [g]) were violated when the court allowed the petitioner to place into evidence, and the court in its decision utilized as evidence of value, a sublease of a portion of the subject property (the Moss Music lease), even though this sublease had not been used as a comparable by either appraiser and had not been in the appraisal report previously exchanged by the petitioner. However, the Moss tenancy (a 1983 sublease of 54% of the area of the subject property) was specifically mentioned in the appraisal report of the appellants' appraiser. Under those circumstances and on the facts of this case, it was appropriate for the court to have the sublease before it as one of the pertinent facts in this tax certiorari proceeding.

The appellants further contend that in utilizing income capitalization, the court allowed the use of double or overlapping deductions. We find that this contention was not established with respect to the items listed by the appellants in their main brief. In their reply brief, however, the appellants cite an additional double deduction, viz., (1) the alleged use by the petitioner's appraiser of certain *net* rental comparables in which the tenant pays the real estate taxes, and (2) that appraiser's simultaneous and companion addition of a tax factor to the capitalization rate as if the owner-landlord paid the taxes (see, Matter of Celwyn Co. v Board of Assessors, 65 Misc 2d 495, 500).

We find that while the court might well have addressed this double deduction contention since the appellants' appraiser had raised the issue at trial, the court's decision does not adopt the square-foot rentals of the petitioner's appraiser. The court recomputed those rentals upward; utilized the Moss sublease and derived square foot market rental values within the range of the evidence before it, values higher than those

of the petitioner's appraiser and lower than those of the appellants' appraiser. Contrary to the appellants' contention, no error was committed by the court. Rubin, J. P., Lawrence, Eiber and Spatt, JJ., concur.