■ In the Matter of WILLIAM F. MORLEY, JR., et al., Doing Business as MORLEY'S MOBILE PARK, Appellants, v TOWN OF OSWEGATCHIE et al., Respondents.—Levine, J. Appeal from a judgment of the Supreme Court (Duskas, J.), entered August 13, 1987 in St. Lawrence County, which, inter alia, denied petitioners' application, in a proceeding pursuant to RPTL article 7, seeking a reduction in the assessments imposed on their real property for the tax years 1983 through 1986.

Petitioners own a mobile home park in the Town of Oswegatchie, St. Lawrence County. They rent lots to the occupant/owners of the mobile homes located in petitioners' park. Petitioners challenge the 1983 through 1986 local real property tax assessments on the mobile home park, which were based upon the aggregate values on the land and the mobile homes situated thereon. It is petitioners' contention that the inclusion in the assessment of the value of the mobile homes, owned by others, violated NY Constitution, article XVI, § 2, which expressly provides that "[a]ssessments shall in no case exceed full value".

We disagree. The statutory authority for classifying mobile homes such as those on petitioners' property as real property to be included within the assessment "against the real property itself" (RPTL 304 [1]) is RPTL 102 (12) (g). That classification was upheld as constitutional in New York Mobile Homes Assn. v Steckel (9 NY2d 533, appeal dismissed 369 US 150), despite the fact that there, as here, the mobile homes in question were owned and occupied by persons other than the

owners of the land on which they were located. The Court of Appeals in *New York Mobile Homes Assn.* found that the classification was reasonable in that, *inter . alia,* the house trailers were stationary, used as residences and their utilities were physically connected to the land, and the occupants used the same local governmental services as the owners of more conventional-type dwellings *(supra,* at 536, 538). Therefore, it was held that the real property tax could properly be attached to the "combined interests of all the parties interested in the land and the improvements thereon" *(supra,* at 539).

While it is true that the *New York Mobile Homes Assn.* case *(supra)* did not involve a challenge to the constitutionality of the enabling statute under NY Constitution, article XVI, § 2, the case remains dispositive here. Article XVI, § 2 does not contain any restrictions on what may be classified as real property for assessment purposes; it merely bars assessment at more than the full value of that which is properly categorized as real property. Therefore, facially RPTL 102 (12) (g) does not conflict with the constitutional provision relied upon by petitioners *(see, Hidden Forest Homes v Board of Assessors,* 139 AD2d 924; *Matter of Lazy Acres Park v Town of Cape Vincent,* 122 Misc 2d 215, 216, *affd* 112 AD2d 809).

Petitioners further argue, however, that the assessments here unconstitutionally exceed full value because the land was evaluated by the capitalization of earnings method, utilizing petitioners' rental income. Petitioners contend that combining in a single assessment the capitalized rental land value and the fair market value of the mobile homes, whose owners rent the land, results in double taxation *(see, Matter of Lazy Acres Park v Town of Cape Vincent, supra,* at 217). We are similarly unpersuaded. The municipality's appraiser clearly differentiated between the value of the land alone and the value of the house trailers sited thereon. The method of valuation of the mobile homes was by reference to a resale pricing guide to establish fair market value, the validity of which is not contested. The value of the mobile homes was not included in the land component of the aggregated assessment, either on the basis of capitalization of potential rental income from their occupancy or otherwise. In other words, in capitalizing earnings, the appraiser correctly determined what the land alone was worth on the basis of what the land itself might reasonably earn *(see,* 58 NY Jur, Taxation, § 285, at 443 [1977 rev ed]) and not on what the mobile homes might earn on rental income charged for their occupancy. Thus, the value of

the mobile homes was not counted in twice in formulating the assessments.

Judgment affirmed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.