■ In the Matter of SLANT/FIN CORPORATION, Respondent, v BOARD OF ASSESSORS OF COUNTY OF NASSAU et al., Appellants. —In a tax certiorari proceeding pursuant to Real Property Tax Law article 7, the appeal is from an order and judgment (one paper) of the Supreme Court, Nassau County (Rossetti, J.), entered August 23, 1989, which, *inter alia,* reduced the petitioner's real property tax assessments for each of the tax years 1977/1978 to 1987/1988, inclusive.

Ordered that the order and judgment is affirmed, without costs or disbursements.

The subject property in this tax certiorari proceeding has a total area of approximately 42,100 square feet and is improved by a one-story industrial building of 23,676 square feet. The petitioner, Slant/Fin Corporation, purchased the property in 1981 for $450,000, pursuant to a purchase option included in its 1976 lease of the property. The petitioner manufactures items such as "fin convections" that are used in the assembly of radiators. The building on the subject property is used as a foundry in the petitioner's manufacturing business.

At issue in this proceeding are the tax assessments imposed by the appellants upon the subject property for each of the tax years 1977/1978 to 1987/1988, inclusive.

At trial, the petitioner's expert relied on an income capitalization approach in his appraisal of the property. In contrast, the appellants' expert utilized two approaches. First, the expert evaluated the property using an income capitalization approach. Then, he valued the property using a market value

approach. He then "correlat[ed]" the values derived, calculating a final value for the property for each of the tax years at issue.

The Supreme Court discounted the market value approach utilized by the appellants' expert, concluding that the comparable sales the expert employed were not reliable. Rather, utilizing data derived from the income capitalization approach employed by both experts in the case, the court calculated an assessment for the tax years in question and granted a real property tax reduction with respect to each of those years.

The Supreme Court properly disregarded the market data approach utilized by the appellants' expert, based on the unreliability of the expert's comparable sales (see, *Matter of Penthouse Mfg. Co. v Assessor of Vil. of Freeport,* 102 AD2d 870, 870-871). First, most of the comparable sales utilized by the appellants' expert had substantially more office space than the subject property, and yet the expert made no adjustment to account for this disparity (see, *Matter of Wantagh Racquet Sports v Board of Assessors,* 133 AD2d 766, 767). Additionally, most of the comparable sales the appellants' expert employed involved so-called "user sales", that is, sales to businesses that were already occupying and using the property they purchased. The petitioner's expert testified that a business is under some compulsion to buy real property that is currently being utilized in the business. The petitioner's expert further testified that, absent an appropriate adjustment, user sales have limited probative worth as comparables. The element of compulsion inherent in such sales requires an adjustment before such sales can be considered reflective of fair market value. The testimony of the petitioner's expert was persuasive, and the failure of the appellants' expert to adjust his comparables to take into account their value to the specific user limited their reliability in determining the fair market value of the subject property (see, Real Property Tax Law § 305; *see, Matter of Marine Midland Props. Corp. v Srogi,* 60 NY2d 885, 887; *Matter of Merrick Holding Corp. v Board of Assessors,* 45 NY2d 538, 541-542). Since the market data of the appellants' expert was seriously flawed, the correlation of that data with the income capitalization values was also seriously flawed (*cf., G.R.F., Inc. v Board of Assessors,* 41 NY2d 512, 514-515).

This conclusion, however, should not be read as establishing that the income capitalization approach is per se appropriate for valuing industrial property in Nassau County. Rather, given the unreliability of the market value data before it, the Supreme Court in the instant case properly relied on an

income capitalization approach *(see, Matter of Penthouse Mfg. Co. v Assessor of Vil. of Freeport, supra; see also, Matter of Adcor Realty Corp. v Srogi,* 54 AD2d 1096).

The appellants' remaining contentions are without merit *(see, Matter of Dollar Dry Dock Sav. Bank v Board of Assessors,* 166 AD2d 648; *Matter of Gilpin Assocs. v Board of Assessment Review,* 121 AD2d 719, 720). Mangano, P. J., Sullivan, Balletta and O'Brien, JJ., concur.