■ In the Matter of STONEGATE FAMILY HOLDINGS, INC., Respondent, v BOARD OF ASSESSORS OF THE TOWN OF LONG LAKE et al., Appellants. (And Three Other Related Proceedings.) [635 NYS2d 352] —Cardona, P. J. Appeal from a judgment of the Supreme Court (White, J.), entered July 29, 1994 in Hamilton County, which granted petitioner's applications, in four proceedings pursuant to RPTL article 7, to reduce petitioner's real property tax assessments.

Petitioner owns property in the Town of Long Lake, Hamil-

ton County. Contending that the property was overassessed, petitioner commenced four real property tax certiorari proceedings to reduce the assessments for the years 1990, 1991, 1992 and 1993. The property consists of 55.8 acres of land with between 1,950 feet and 2,940 feet of frontage on Long Lake, of which 950 feet is useable shoreline. The property has 958 feet of road frontage. It also contains various buildings including several large residences, 10 small cottages, a dining hall, dance studio, recreation hall, theater and many related buildings. There are also athletic fields, four tennis courts, trails, piers and a sandy beach.

Supreme Court found respondents' evidence that the highest and best use of the subject property as a residential subdivision to be inappropriate and accepted petitioner's evidence that the highest and best use of the property was as a summer camp. As the only evidence of summer camp value was from petitioner's appraiser, the court accepted that value and granted petitioner relief accordingly.

Respondents appeal contending that petitioner failed to meet its burden of proof that the assessments were excessive. We disagree. Based upon our review of the record before us, we are satisfied that petitioner made out a prima facie case to overcome the presumption of validity attached to respondents' assessment by a fair preponderance of the evidence (*see, Matter of Broadway-Saranac Lake Corp. v Board of Assessors*, 43 AD2d 649). The evidence shows that in determining the highest and best use of the subject property as a residential subdivision, respondents violated the rule that "value is to be determined on the basis of the condition of the subject property according to its state on the taxable status date, not on the basis of some use contemplated in the future" (*Matter of General Motors Corp. v Assessor of Town of Massena*, 146 AD2d 851, 852, *lv denied* 74 NY2d 604). Petitioner's proof shows that the sole purpose for its applications to the Adirondack Park Agency for residential subdivisions consisting of a 12-lot parcel and a two-lot parcel (containing the family home) was to secure mortgage financing to meet its obligations under a commercial loan and not to develop the property for sale. The proof supports Supreme Court's finding that petitioner abandoned its plan for approval of the 12-lot subdivision in favor of the two-lot subdivision when it learned that it could obtain the needed financing by a home mortgage on this parcel alone.

We also find, however, that Supreme Court improperly relied upon petitioner's appraisal. Evidence in the record shows that, in addition to its use as a children's summer music and arts

camp, the subject property was actively marketed as a year-round facility for vacations, gatherings and conferences. The record also reveals that petitioner's appraiser was unaware of these uses of the property and their impact on value. He was informed that the only use of the property was as a summer camp. Petitioner's appraiser failed to take into account the multiseasonal capacity of petitioner's complex of buildings and uses for which it was readily adaptable (*see generally, Matter of Great Atl. & Pac. Tea Co. v Kiernan*, 42 NY2d 236). We conclude, therefore, that petitioner's proof was also unreliable because the sales upon which its expert relied in preparing the appraisal were not comparable to the subject property (*see, Matter of General Motors Corp. v Assessor of Town of Massena, supra*). Accordingly, Supreme Court's judgment must be reversed and the matter remitted for a new trial.

Mikoll, Crew III, Peters and Spain, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and matter remitted to the Supreme Court for a new trial.