■ In the Matter of TROY REALTY ASSOCIATES, INC., et al., Respondents, v BOARD OF ASSESSORS OF THE CITY OF TROY et al., Appellants. (And Another Related Proceeding.) [642 NYS2d 734] —Cardona, P. J. Appeal from an order and judgment of the Supreme Court (Canfield, J.), entered July 20, 1995 in Rensselaer County, which granted petitioners' applications, in two proceedings pursuant to RPTL article 7, to reduce petitioners' real property tax assessments.

Petitioners are the owners of an apartment complex located in the City of Troy, Rensselaer County. They commenced the instant proceedings to challenge the tax assessment on the property for the 1992-1993 and 1993-1994 tax years. The property consists of approximately 5.33 acres of land with eight two-story apartment buildings containing a total of 124 apartment units. Respondents assessed the property in 1992 at

$1,388,000 and in 1993 at $783,916. The proceedings were heard at a consolidated trial. It was stipulated that the equalization and assessment rate was 24.97% for 1992 and 24.08% for 1993. Thus, the only issue was whether respondents had overvalued the property.

Supreme Court rejected respondents' appraisal reports on the ground, *inter alia*, that they failed to comply with 22 NYCRR 202.59 (g) (2) by not setting forth the "facts, figures and calculations by which the [reports'] conclusions were reached". The court accepted the facts and conclusions in petitioners' appraisal report and ordered that petitioners' assessment be reduced for 1992 to $568,068 and for 1993 to $541,800. Respondents appeal.

We affirm. Tax assessments are presumptively deemed valid and the burden is on the party challenging an assessment to establish that the property is overvalued (*see, Matter of Welch Foods v Town of Portland*, 187 AD2d 948; *Matter of General Motors Corp. Cent. Foundry Div. v Assessor of Town of Massena*, 146 AD2d 851, *lv denied* 74 NY2d 604). While respondents do not take issue with Supreme Court's exclusion of their appraisal reports, they do contend that petitioners failed to overcome this presumption. We disagree. Based upon our review of the record, we are satisfied that petitioners presented sufficient evidence to make out a prima facie case that the assessment was erroneous so as to overcome the presumption of validity (*see, Matter of Stonegate Family Holdings v Board of Assessors*, 222 AD2d 997; *Matter of Broadway-Saranac Lake Corp. v Board of Assessors*, 43 AD2d 649). The evidence also leads us to conclude that Supreme Court properly adopted and relied upon petitioners' appraisal report in lowering petitioners' assessment.

Petitioners' appraiser relied on the net income approach in determining the value of the property. In so doing, he compared the property's actual income with other comparable properties and concluded that the property was functioning "prudently and economically". He, therefore, adopted reported actual income as appraised income for the 1992 and 1993 tax years. Although actual income may be disregarded if it does not reflect market value (*see, Matter of Merrick Holding Corp. v Board of Assessors*, 45 NY2d 538, 543), here, petitioners presented evidence that the actual rents were reflective of the market and we find no error in Supreme Court's acceptance of this evidence (*see, Matter of County Dollar Corp. v City of Yonkers*, 97 AD2d 469, *lv dismissed* 61 NY2d 603; *Matter of Henry Distrib. Corp. v Srogi*, 91 AD2d 818).

Respondents further contend that petitioners' appraisal report was faulty in that it used estimated expense figures rather than actual expense figures (*see, Matter of Conifer Baldwinsville Assocs. v Town of Van Buren*, 115 AD2d 325, *affd* 68 NY2d 783). Our examination of the report, however, compels a contrary conclusion. The report did rely on actual expenses generated by the property but made adjustments based on other comparable properties in the region. When it found actual expenses as compared to market data to be excessive, it rejected such expenses and adopted comparable costs. Likewise, where reported costs were found reasonable in comparison to statistical costs, the actual costs were accepted. Respondents' criticisms in this regard "deal with matters of judgment, and it is clear to us that the exercise of judgment by [petitioners'] expert was generally supported by substantial facts" (*Matter of Broadway-Saranac Lake Corp. v Board of Assessors*, 43 AD2d 649, *supra*). Thus, in our view, Supreme Court did not err in adopting petitioners' appraisal report in its entirety.

White, Casey, Peters and Spain, JJ., concur. Ordered that the order and judgment is affirmed, with costs.