■ In the Matter of NIAGARA MOHAWK POWER CORPORATION, Respondent, v ASSESSOR OF TOWN OF GEDDES, Respondent, and TOWN OF GEDDES, Appellant. [659 NYS2d 632] —Order and judgment reversed on the law with costs and petitions dismissed. Memorandum: Petitioner commenced these consolidated proceedings pursuant to article 7 of the Real Property Tax Law challenging as excessive respondents' assessments on its property for the 1990 through 1993 tax years. After a nonjury trial, Supreme Court granted the petitions and reduced the assessments in accordance with the calculations of petitioner's appraisers.

We reverse. Tax assessments are presumptively valid (see, Farash v Smith, 59 NY2d 952, 955; Matter of City of Troy v Kusala, 227 AD2d 736, lv denied 89 NY2d 801; Matter of Welch Foods v Town of Portland, 187 AD2d 948), and petitioner bore the burden of establishing by substantial evidence that its property was overvalued (see, Matter of Barnum v Srogi, 54 NY2d 896, 899; Matter of City of Troy v Kusala, supra). We conclude that petitioner failed to meet that burden. In our view, petitioner's appraisers employed erroneous methods of valuation and undervalued petitioner's property. Petitioner's buildings are specialty properties and, therefore, the appropriate valuation method is reproduction cost new less depreciation (RCNLD) (see, Matter of Niagara Mohawk Power Corp. v Town of Bethlehem, 225 AD2d 841, 842; Matter of Long Is. Light. Co. v Assessor for Town of Brookhaven, 202 AD2d 32, 37, lv denied 85 NY2d 809). Petitioner's building appraiser,

however, erroneously employed a hybrid method of valuation, utilizing the comparable sales and income capitalization methods in addition to RCNLD (*see, Matter of Allied Corp. v Town of Camillus,* 80 NY2d 351, 356-357, *rearg denied* 81 NY2d 784). Thus, the value of the buildings set forth in that appraisal rests on an improper foundation.

With respect to the valuation of petitioner's gas and electric transmission and distribution facilities, there is no dispute that RCNLD was the appropriate valuation method. In calculating reproduction cost new (RCN), however, petitioner's appraiser for those facilities improperly deducted items of personal property. Those deductions were erroneous because the appraiser conducted no independent investigation, but simply relied upon petitioner's characterization of those items (*see, Matter of Niagara Mohawk Power Corp. v Town of Bethlehem, supra,* at 843; *Matter of Niagara Mohawk Power Corp. v City of Dunkirk Assessor,* Sup Ct, Chautauqua County, Apr. 26, 1994, Gerace, J., index Nos. H-3076, H-5578, H-7783, *affd* 221 AD2d 912, *appeal dismissed* 87 NY2d 1054, *lv denied* 88 NY2d 803). The failure to conduct an independent investigation of petitioner's facilities also caused the appraiser's calculation of incurable physical depreciation to be unreliable. That calculation rested entirely upon petitioner's projections of retirement dates for components of the transmission and distribution facilities rather than the actual physical condition and operation of the components being evaluated (*see, Matter of Niagara Mohawk Power Corp. v Town of Bethlehem, supra,* at 844-845; *Matter of Niagara Mohawk Power Corp. v City of Dunkirk Assessor, supra*). In addition, the use of straight-line depreciation did not yield "a fair and realistic value of the property involved" (*Matter of Allied Corp. v Town of Camillus, supra,* at 356) because it permitted petitioner's appraiser to assign no value to property that remained in operation after passing its projected retirement date.

Because petitioner failed to overcome the presumption that respondents' assessments were valid for the tax years at issue, the presumption remains in effect. It therefore is not necessary to consider the adequacy of respondents' appraisal or to inquire further into the value of the property (*see, Matter of Fistraw-Del Holding Corp. v Assessor for Town of Colonie,* 235 AD2d 660; *Matter of City of Troy v Kusala, supra; Matter of General Motors Corp. Cent. Foundry Div. v Assessor of Town of Massena,* 146 AD2d 851, 853, *lv denied* 74 NY2d 604).

All concur except Lawton, J., who dissents and votes to affirm in the following Memorandum.

Lawton, J. (dissenting). I respectfully dissent. I do not agree that petitioner's appraisal was erroneous as a matter of law and therefore without legal effect. Unlike respondents' appraisal, petitioner's appraisal was in conformity with the applicable rules and was entitled to be considered by Supreme Court. The court was correct in holding that the service buildings were not a specialty. Likewise, the use of the straight-line depreciation method for valuing portions of the gas transmission system was not sufficient to warrant the total exclusion of petitioner's appraisal. The court in its remarks recognized the difficulty in such use, *viz.*, ascribing zero value to portions of the system still being used. Presumably, the court gave that fact consideration when it made its findings of value. Such fact goes to the weight to be given the evidence, not its admissibility. There being no competent evidence to the contrary, I would affirm. (Appeal from Order and Judgment of Supreme Court, Onondaga County, Murphy, J.—RPTL.) Present—Green, J. P., Lawton, Callahan, Doerr and Boehm, JJ.