■ In the Matter of FMC CORPORATION (PEROXYGEN CHEMICALS DIVISION), Respondent-Appellant, v DAVID UNMACK, as Assessor of Town of Tonawanda, et al., Appellants-Respondents, et al., Intervenor-Respondent. [662 NYS2d 907] —Judgment unanimously reversed on the law without costs and petitions dismissed. Memorandum: Petitioner commenced these consolidated proceedings pursuant to article 7 of the Real Property Tax Law challenging as excessive respondents' assessments of its property for the 1992 through 1994 tax years. The subject property is an industrial complex consisting of 15 buildings on a 12-acre site adjacent to the Niagara River in the Town of Tonawanda. From the time the complex was constructed in the mid-1920s, it has been used as a chemical manufacturing plant. At trial petitioner presented a market approach appraisal utilizing sales of seven industrial facilities in western New York, Pennsylvania and New Jersey. Relying upon that appraisal, Supreme Court granted the petitions and reduced the assessments to values falling roughly midway between the calculations of petitioner's appraiser and respondents' assessments.

We reverse. "Tax assessments are presumptively valid (see, Farash v Smith, 59 NY2d 952, 955; Matter of City of Troy v Kusala, 227 AD2d 736, lv denied 89 NY2d 801; Matter of Welch Foods v Town of Portland, 187 AD2d 948), and petitioner bore the burden of establishing by substantial evidence that its property was overvalued (see, Matter of Barnum v Srogi, 54 NY2d 896, 899; Matter of City of Troy v Kusala, supra)" (Matter of Niagara Mohawk Power Corp. v Assessor of Town of Geddes, 239 AD2d 911). We conclude that petitioner failed to meet that burden. Generally, in "computing the market value of large industrial complexes, the market value method of valuation is preferred as the most reliable measure of a property's full value for assessment purposes (see, RPTL 305; Grant Co. v Srogi, 52 NY2d 496, 510; G.R.F., Inc. v Board of Assessors, 41 NY2d 512, 513), and where, as here, evidence of a recent sale price is lacking, market value may be determined with refer-

ence to recent sales of comparable properties (*Matter of Merrick Holding Corp. v Board of Assessors*, 45 NY2d 538; *Matter of Great Atl. & Pac. Tea Co. v Kiernan*, 42 NY2d 236)" (*Matter of General Elec. Co. v Town of Salina*, 69 NY2d 730, 731). In our view, petitioner's appraiser failed to account adequately for the unique features of the subject property in his selection and analysis of comparable sales (*see, Matter of Blue Circle v Schermerhorn*, 235 AD2d 771; *Matter of City of Troy v Kusala, supra*, at 739-740; *Matter of Slant/Fin Corp. v Board of Assessors*, 186 AD2d 810, 811; *Matter of General Motors Corp. Cent. Foundry Div. v Assessor of Town of Massena*, 146 AD2d 851, 852, *lv denied* 74 NY2d 604). As a result, petitioner failed to establish that the properties analyzed as comparable in its appraisal are sufficiently similar to the subject property to yield an accurate assessment of its value (*see, Matter of City of Troy v Kusala, supra; Matter of Slant/Fin Corp. v Board of Assessors, supra*, at 811).

Petitioner's alternative appraisal, based upon the cost approach, also fails to yield "a fair and realistic value of the property involved" (*Matter of Allied Corp. v Town of Camillus*, 80 NY2d 351, 356, *rearg denied* 81 NY2d 784) because it does not include the entire complex in the calculation of reproduction costs (*see, Matter of City of New York [Salvation Army]*, 43 NY2d 512, 516; *Matter of Blue Circle v Schermerhorn, supra*) and does not account adequately for the calculation of depreciation (*see, Matter of Niagara Mohawk Power Corp. v Assessor of Town of Geddes, supra*).

Because petitioner failed to overcome the presumption that respondents' assessments were valid for the tax years at issue, the presumption remains, and there is no need to consider the adequacy of respondents' appraisal (*see, Matter of Fistraw-Del Holding Corp. v Assessor for Town of Colonie*, 235 AD2d 660). Further, in view of our decision, we do not address the parties' remaining contentions. (Appeals from Judgment of Supreme Court, Erie County, Flaherty, J.—RPTL.) Present—Green, J. P., Pine, Wisner, Balio and Fallon, JJ.