■ In the Matter of HANS SCHACHENMAYR, Respondent-Appellant, v BOARD OF ASSESSORS OF THE TOWN OF NORTH ELBA, Appellant-Respondent. (And 19 Other Related Proceedings.)

732

[693 NYS2d 701] —Peters, J. (1) Cross appeals from an order of the Supreme Court (Siebert, Jr., J.), entered February 4, 1998 in Essex County, which granted petitioners' applications, in 20 proceedings pursuant to RPTL article 7, to reduce the tax assessments of petitioners' real property for, *inter alia*, the tax years 1990-1994, and (2) appeal from an amended order of said court, entered April 1, 1998 in Essex County, which amended the prior order to include the tax assessments of the Village of Lake Placid.

Petitioner Hans Schachenmayr and related corporate entities (hereinafter petitioners) are the owners of certain real property in the Village of Lake Placid and in the Town of North Elba, Essex County. They seek the reduction of real property tax assessments for the tax years 1990-1994. Their property consists of approximately 1.42 acres of commercially zoned land improved with two primary structures: a 49-unit motel and a 2,750-square-foot café (restaurant) with a 6,000-square-foot parking lot. The assessed value of such properties consisted of an assessment of $2,350,000 for the motel, $346,800 for the café and $220,000 for the parking lot for the years 1990 to 1993 and $122,000 for the parking lot in 1994. Upon the denial of petitioners' request for a reduction, these individual proceedings ensued.

A consolidated nonjury trial commenced in April 1996. By order entered February 4, 1998, respondent's motions to dismiss were denied and the assessed values of the properties were reduced. Both petitioners and respondent appeal from that order. Supreme Court thereafter issued an amended order, dated March 20, 1998, after which respondent filed an additional notice of appeal.

Underlying our review is the presumption of validity for real property tax assessments, thereby requiring a petitioner in a tax certiorari proceeding to show by substantial evidence that the assessments are excessive (*see, Matter of FMC Corp. v Unmack*, 92 NY2d 179; *Matter of Blue Circle v Schermerhorn*, 235 AD2d 771; *Matter of State of New York v Town of Thurman*, 183 AD2d 264; *Matter of General Motors Corp. Cent. Foundry Div. v Assessor of Town of Massena*, 146 AD2d 851, *lv denied* 74 NY2d 604). Although substantial evidence has been found to " 'consist[ ] of proof within the whole record of such quality and quantity as to generate conviction in and persuade a fair and detached fact finder that, from that proof as a premise, a conclusion or ultimate fact may be extracted reasonably' " (*Matter of FMC Corp. v Unmack, supra*, at 188, quoting *300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d

176, 181), the standard has been found to be minimal. Requiring "less than 'clear and convincing evidence' * * * and less than proof by 'a preponderance of the evidence, overwhelming evidence or evidence beyond a reasonable doubt'" (*id.*, at 188 [citation omitted]), our review of the evidence warrants us to find that petitioners sustained their affirmative burden, empowering the court to reduce their assessments.

Petitioners presented the testimony of Terry Horrocks, a member of the Appraisal Institute with extensive background in appraising properties in the Lake Placid area. Horrocks testified that he relied primarily on the income capitalization approach with support from the market data approach by analyzing appraisals of comparable properties that were close in proximity to the property being appraised (*see, Matter of General Elec. Co. v Town of Salina*, 69 NY2d 730, 731). Upon the extensive detail he provided pertaining to the methodology he employed, which included his reliance upon documents prepared by Douglas Hoffman, a certified public accountant who also testified as to the accuracy of his findings, we find that substantial evidence indicating an overassessment was established (*see, Matter of Troy Realty Assocs. v Board of Assessors*, 227 AD2d 813).

We further find no validity to respondent's contention that Supreme Court erred in failing to strike petitioners' appraisal reports because they did not separately analyze and set forth a fair market value for the land component of the disputed parcels. The Court of Appeals has held that "[i]n a proceeding to review tax assessments on real property, the total assessment only may be reviewed [and that] [t]o assist in this process factual findings *may* be made separately as to the value of the land and the value of improvements" (*Matter of Shubert Org. v Tax Commn.*, 60 NY2d 93, 95 [emphasis supplied]; *see*, RPTL 502 [3]). Since both experts testified that the calculations supporting their income capitalization approach to valuation reflected the income from both the land and the improvements thereon, thus precluding the need for a separate valuation when using this methodology (*see, Matter of Burke Apts. v Swan*, 137 AD2d 321, 327), we find no error. Indisputably, the income approach is the preferred method of valuation when reviewing income-producing properties (*see, Matter of Merrick Holding Corp. v Board of Assessors*, 45 NY2d 538, 542).

We also reject respondent's challenge to the valuation as legally deficient because it included income and expenses in their "base year" which were abnormally low due to documented

financial distress. Although we agree that actual rental income may be stabilized when it is below market rental value (*see, id.,* at 542-543), there exists nothing in this record, other than respondent's expert's bald conclusory statements, to support this contention. Notably absent from respondent's showing is a confirmation from other area motel owners that such contested year was either an aberration as he suggests or part of the ebb and flow of a motel business. The conflicting expert opinions simply presented a question of fact for resolution by the court, one which shall remain undisturbed if supported by substantial facts (*see, Matter of Troy Realty Assocs. v Board of Assessors, supra*).

Respondent further challenges the valuation by contending that the deduction of a management fee in addition to an annual salary constitutes "double dipping". The Court of Appeals has held that hotel income includes income from management, goodwill, furniture, fixtures and equipment, including food and beverage (*see, People ex rel. Hotel Paramount Corp. v Chambers,* 298 NY 372, 374). Petitioners' appraiser testified regarding the relationship between goodwill and management and how these efforts impact upon the calculation of value. To the extent that this testimony conflicted with evidence presented by the respondents, we again note that Supreme Court was entitled to credit the testimony of one expert over the other so long as the testimony was supported by substantial facts (*see, Matter of Troy Realty Assocs. v Board of Assessors, supra*).

Reviewing these and all other contentions of error as they relate to the sufficiency of petitioners' income approach to valuation, whether pertaining to the deferral of maintenance and its effects upon the properties' earning potential or other allegedly improper inclusions or deductions, we find no meritorious basis upon which we would disturb the determination rendered.

Finally addressing petitioners' challenge to respondent's appraisal report to which Supreme Court gave little or no weight or the calculations made by the court concerning various expenses and deductions in formulating its assessment of the subject properties, we find, after our review, that adequate evidence exists in the record to support the valuation ultimately made (*see, Matter of Burke Apts. v Swan, supra*).

Cardona, P. J., Crew III, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the order and amended order are affirmed, without costs.