■ In the Matter of Stonegate Family Holdings, Inc., Appellant, v Board of Assessors of the Town of Long Lake et al., Respondents. (And Five Other Related Proceedings.) [700 NYS2d 529] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Ferradino, J.), entered July 2, 1998 in Hamilton County, which dismissed petitioner's applications, in six proceedings pursuant to RPTL article 7, to reduce petitioner's real property tax assessments.

Petitioner is the owner of property located in the Town of Long Lake, Hamilton County, consisting of approximately 55 acres of land between 1,950 and 2,940 feet frontage on Long Lake, of which 950 feet is useable shoreline. The property is improved by various buildings, including, *inter alia*, several large residences, three dormitories, a recreation hall, a dining hall, a theater, a dance studio and other ancillary structures. There are also tennis courts, a soccer field, a baseball field and other activity areas which are used in conjunction with petitioner's operation of the property as a children's summer camp.

Petitioner initially commenced four tax certiorari proceed-

ings challenging tax assessments imposed upon the property for the 1990, 1991, 1992 and 1993 taxable years. Upon finding that petitioner's appraisal more accurately reflected the fair market value of the property, Supreme Court reduced the assessments accordingly. On appeal, this Court found, *inter alia*, that Supreme Court improperly relied upon petitioner's appraisal, reversed the judgment and remitted the matter for a new trial (222 AD2d 997, *lv denied* 92 NY2d 817). Prior to the new trial, petitioner initiated three more tax certiorari proceedings challenging assessments for the 1994, 1995 and 1996 taxable years. In October 1997, a trial was held on all applications with the exception of the one relating to the 1990 assessment, which was dismissed upon stipulation of the parties. At the conclusion of the trial, Supreme Court found that petitioner had failed to sustain its burden of proving that the assessments were in error. Petitioner appeals from so much of the judgment as dismissed the petitions relating to the assessments for 1994, 1995 and 1996 taxable years.

Initially, we note that tax assessments enjoy a presumption of validity and the burden is upon the party challenging the assessment to show by sufficient evidence that the assessment is excessive (*see, Matter of Schachenmayr v Board of Assessors*, 263 AD2d 731, 732; *Matter of Blue Circle v Schermerhorn*, 235 AD2d 771, 772; *Matter of General Motors Corp. Cent. Foundry Div. v Assessor of Town of Massena*, 146 AD2d 851, 853, *lv denied* 74 NY2d 604). Where the challenging party makes a prima facie showing that the assessment is erroneous, the presumption of validity vanishes and that presumption cannot be considered in weighing the evidence (*see, Matter of General Motors Corp. Cent. Foundry Div. v Assessor of Town of Massena, supra*, at 853).

In our prior decision, we held that Supreme Court improperly relied upon petitioner's appraisal of the subject property because, although the property was used as a children's summer music and arts camp, there was evidence that the property was actively marketed for year-round use for vacations, gatherings and conferences (*see,* 222 AD2d 997, 998-999, *supra*). In light of petitioner's appraiser's failure to "take into account the multiseasonal capacity of petitioner's complex of buildings and uses for which it was readily adaptable" (*id.*, at 999), we concluded that petitioner's proof was unreliable and did not provide adequate support for Supreme Court's decision. Our use of the phrase "readily adaptable" in that decision should not be read as suggesting that a taxing authority may value property based upon its convertibility to other uses in the

future. We reiterate that "value is to be determined on the basis of the condition of the subject property according to its state on the taxable status date" (*Matter of General Motors Corp. Cent. Foundry Div. v Assessor of Town of Massena, supra,* at 852). However, if on the taxable status date a property is reasonably suitable for other uses beyond the owner's use for a particular purpose, then a taxing authority may take into consideration those other uses when determining value.

Turning to the evidence adduced at trial, petitioner's appraiser, James Zasada, determined that the subject property had a fair market value of $595,000 while Bruce Caza, the appraiser retained by the town, determined that it had a fair market value of $1,200,000. Since petitioner used the property exclusively as a children's summer camp, its appraiser restricted his analysis to seasonal camps and resorts comparable to petitioner's. Caza, on the other hand, based his appraisal upon an evaluation of camps and lodges he found comparable to petitioner's property in light of the "multiseasonal capacity of the * * * buildings and uses for which [petitioner's property] was readily adaptable". The evidence shows that the property can accommodate 200 guests, is serviced by municipal water and most of the buildings have electricity. Caza opined that the property was suitable for use as an adult recreational center, conference center or camp. Contrary to petitioner's claim that the property should only be valued as a children's camp operating during the months of July and August, there was evidence presented to substantiate the property's suitability for the above-mentioned uses from April through October.

Although the evidence supports a finding that Long Lake is a year-round tourist town which has wintertime recreational activities, the record is insufficient to support Caza's opinion that the property may be used on a year-round basis. Notably, only three of the buildings are equipped with heating infrastructures and, of those, only the two-story boathouse appears to have an operable heating system. The other buildings lack necessary heating infrastructures, insulation and electrical service for winter use. Moreover, many of the water supply pipes run above ground or are otherwise exposed to freezing temperatures. Zasada testified, in effect, that the property would have to be *converted* to winter use and that the costs of doing so were so prohibitive that it would be better to demolish the buildings and start from scratch to make a year-round facility. Significantly, respondents did not present proof rebutting that evidence. Since it appears that substantial sums must

be expended in order to use the property as an adult recreational center, conference center or camp during the winter months, we find that it is not reasonably suitable for such uses on a year-round basis and, therefore, conclude that petitioner presented sufficient proof to overcome the presumption of validity attached to respondent's assessment.

In arriving at the value of the property, Supreme Court adopted the appraised value of respondent's expert. As previously noted, that value is erroneous because the evidence does not support the conclusion that the property is reasonably suited for winter use. Moreover, evidence consisting of a brochure advertising the property as a winter resort was offset by testimony that the promotion failed as demonstrated by the guest log showing only two entries during the relevant period. On the other hand, the sales upon which petitioner's expert relied in preparing the appraisal are still flawed since they basically restricted the property's use to the summer season. Therefore, in our view, the record contains insufficient proof to fairly determine the market value of the property. Accordingly, Supreme Court's judgment must be reversed and the matter remitted for a new trial.

Mikoll, Mercure, Yesawich Jr. and Mugglin, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and matter remitted to the Supreme Court for a new trial.