■ JUANITA M. GAINER, Respondent, v HENRY L. GAINER, Appellant. — In a matrimonial action, defendant husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Posner, J.), dated February 25, 1983, as, after a nonjury trial, (1) directed him to pay plaintiff wife $50 per week for her maintenance for a period of five years; (2) directed him to pay $100 per week in support of his two minor children until they both reach the age of 21 years or become emancipated, whichever occurs first; (3) ordered equitable distribution of certain marital property, with 25% of the value thereof awarded to plaintiff and 75% to defendant, and, applying these proportions to the aforementioned marital property, directed defendant to pay plaintiff a distributive award of $15,717 and awarded plaintiff $21,491 as her equitable share of defendant's pension; and (4) awarded plaintiff $5,000 in counsel fees. By order of this court, dated March 12, 1984, this matter was remitted to the Supreme Court, Queens County, for compliance with the provisions of Domestic Relations Law § 236 (B) (5) (g); (6) (b); (7) (b), and this appeal was held in abeyance in the interim (*Gainer v Gainer,* 100 AD2d 533). Special Term has filed its findings with this court.

Judgment modified, on the law and the facts, by (1) striking subdivision [a] of the sixth decretal paragraph thereof, and (2) striking from the third decretal paragraph thereof which provides for child support the words "until both of said children have reached the age of 21 years or both have been emancipated, whichever event first occurs" and substituting therefor the following: "until Darcel Gainer reaches the age of 21 years, at which time child support shall be reduced to $75 per week for the support of Henry M. Gainer payable until he reaches the age of 21 years or is sooner emancipated". As so modified, judgment affirmed, insofar as appealed from, without costs or disbursements, and matter remitted to Special Term for further proceedings consistent herewith.

Special Term found that plaintiff's share of certain real properties located on Merrick Boulevard, of which defendant owned a 50% partnership interest, was $4,125. This amount constituted part of the distributive award of $15,717. The $4,125 figure was based on the value of the properties, which Special Term found to be $37,000, less a $4,000 mortgage. Special Term arrived at the $37,000 figure by "[s]ynthesizing", or, in effect, averaging the appraisals of the real properties submitted at the trial by expert witnesses of the respective parties.

As part of the process of making an equitable distribution of marital assets, one of the duties of a trial judge is to determine the value of the property eligible for distribution (*see,* Domestic Relations Law § 236 [B] [5]). With regard to the value of the Merrick Boulevard real estate, we find that there was no credible evidence in the record supporting the "synthesized" valuation of those properties. Special Term failed to articulate any reasons for its conclusion that the properties were worth $33,000. It failed to set forth why it rejected the valuations advanced by the expert witnesses and it, in effect, averaged the appraisals. Such an unsupported conclusion, without an adequate articulation of reasons, cannot stand. Therefore, new findings regarding the value of the Merrick Boulevard properties are required, together with reasons supporting the new findings. A court may not avoid its responsibility to determine the value of property by simply averaging the values urged by the competing parties (*see generally, Latham Holding Co. v State of New York,* 16 NY2d 41; *Matter of City of New York* [*Nassau Expressway*], 98 AD2d 166).

Additionally, in view of the fact that one of the parties' children has now attained the age of 21 and is self-supporting, leaving only one child of the marriage under the age of 21, the award of child support should be reduced from $100 per week to $75 per week as of the older child's twenty-first birthday.

In all other respects, we affirm, insofar as appealed from, for the reasons stated by Justice Posner at Special Term. Titone, J. P., Gibbons, Thompson and Bracken, JJ., concur.