■ MARTHA E. HOYT, Appellant, v CARL W. HOYT, Respondent.—Weiss, J. Appeal from an amended judgment of the

Supreme Court (Tait, Jr., J.) ordering, *inter alia,* equitable distribution of the parties' marital property, entered February 9, 1990 in Madison County, upon a decision of the court.

The 5½-year childless marriage of the parties ended in an absolute divorce granted to plaintiff on the ground of cruel and inhuman treatment. The judgment awarded plaintiff $100 weekly maintenance for 52 weeks with no separate award for health insurance, granted a fractional portion of defendant's pension upon his retirement and made equitable distribution of the marital assets. Following an amended judgment directing further equitable distribution, plaintiff took this appeal. She initially challenges the maintenance award both as to its adequacy and duration, and contends that Supreme Court failed to consider the 11 factors enumerated in the statute or set forth the reasons for its decision *(see,* Domestic Relations Law § 236 [B] [6] [a], [b]; *see also, Oswald v Oswald,* 154 AD2d 817, 818; *Schelling v Schelling,* 145 AD2d 856). We find the record shows that Supreme Court did consider the necessary factors including the length of marriage, the health of the parties, their respective assets and income, and the employability of each. Moreover, this court may overlook perceived technical deficiencies as this record, when examined with Supreme Court's findings of fact and conclusions of law, provides an adequate basis for review *(see, Anglin v Anglin,* 148 AD2d 833, 834). While plaintiff argues that the court failed to recite the basis for its award of $100 weekly maintenance, that is the exact amount she sought in her statement of net worth, thus rendering her present inadequacy argument unpersuasive. Although plaintiff contends that she is in a negative income situation with living expenses exceeding her income, she is possessed of substantial assets including cash and real property. We find that the court neither erred nor abused its discretion in the sum awarded as maintenance.

We reach a contrary conclusion with respect to the duration of the award in that plaintiff's poor physical condition and the loss of her eyesight makes it highly unlikely she will ever be gainfully employed. Although the duration of a maintenance award is discretionary with a trial court *(see, Petrie v Petrie,* 124 AD2d 449, 451, *lv dismissed* 69 NY2d 1038), we find in this case that plaintiff should receive maintenance until she dies or remarries.

We find unavailing plaintiff's contention that Supreme Court erred in valuing the marital residence. Both parties agreed to have the court decide value based upon the competing appraisals submitted. Moreover, it was within the court's

discretion to accept, reject or assign weight to either appraisal *(see, Oswald v Oswald,* 154 AD2d 817, 818-819, *supra; Ducharme v Ducharme,* 145 AD2d 737, 739, *lv denied* 73 NY2d 708).* Plaintiff urges that the court erred in averaging the two appraisals, basing her argument upon *Gainer v Gainer* (111 AD2d 308) where such procedure was rejected by the Second Department. Defendant, however, correctly asserts that the same court in *Reingold v Reingold* (143 AD2d 126, *lv dismissed* 73 NY2d 851), decided after *Gainer,* implicitly expressed approval of the averaging of competing appraisals by a trial court.

Finally, plaintiff argues that Supreme Court erred in holding the proceeds from the sale of a mobile home and parcel of land to be marital assets and ordering that the money be distributed equally. She contends that she paid for the purchase of the home with $16,000 of her separate funds, while defendant claims that the land upon which the home was located was his separate property. Because both the mobile home and the land were sold together, the balance of that sale price, some $11,312.51 being held in escrow, should be apportioned between the parties according to the actual contribution by each. This matter must therefore be remitted for proof of the separate values of the land and mobile home and an appropriate award made.

Amended judgment modified, on the law and the facts, without costs, by reversing so much thereof as ordered that maintenance be paid for 52 weeks and directed that the proceeds from the sale of the mobile home and land as marital assets be distributed equally; the maintenance award shall continue until plaintiff dies or remarries and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Mercure, JJ., concur.