■ In the Matter of WALTER WIND, Respondent, v FIRST ROCKAWAY COAST CORPORATION et al., Appellants.—In a proceeding pursuant to Business Corporation Law § 1104-a for the judicial dissolution of the First Rockaway Coast Corporation in which the appellants elected to buy out the petitioner's interest pursuant to Business Corporation Law § 1118, the appeal is from a judgment of the Supreme Court, Queens County (Smith, J.), dated June 26, 1990, which awarded the petitioner the principal amount of $443,368, representing the value of the petitioner's share in the corporation, plus interest.

Ordered that the judgment is affirmed, with costs.

The principal asset of the corporation was a 43-unit apartment building in Rockaway Park, in Queens County. At a hearing to determine the fair market value of the property, experts for both parties used the income capitalization method of appraisal. The Supreme Court rejected the appellants' appraisal of $680,000, and accepted the petitioner's amended appraisal of $1,182,000. The court reasoned that while appellants' expert relied on expense figures provided by counsel, the petitioner's expert based his appraisal on actual expense figures for 1988. Finding the net asset value of the corporation to be $1,182,000, the court awarded the petitioner the principal sum of $443,368, representing the petitioner's 37.51% interest in the corporation. The court also awarded 9% interest from April 6, 1989.

The Supreme Court did not improvidently exercise its discretion in accepting the petitioner's appraisal and rejecting that of the appellants. It is within the discretion of the court to accept, reject, or assign weight to either party's appraisal, and the petitioner's expert sufficiently explained the basis of his opinion (see, Hoyt v Hoyt, 166 AD2d 800, 801-802; cf., Matter of Willowbrook Assocs. v Finance Adm'r of City of N. Y., 77 AD2d 901, 903-904). In addition, while the net asset value of the corporation typically would have reflected liabilities, no such evidence was submitted at the hearing.

We also find no basis for disturbing the interest award. The Supreme Court, in its discretion, had authority to grant interest running from the date that the petition was filed (see, Business Corporation Law § 1118 [b]). Contrary to the appellants' contention, the record does not contain evidence that the petitioner received his proportionate share of profits during the pendency of this proceeding.

We have considered the appellants' remaining contentions

and find them to be without merit. Sullivan, J. P., O'Brien, Pizzuto and Santucci, JJ., concur.