■ Yoko Iwahara, Respondent-Appellant, v Makoto Iwahara, Appellant-Respondent. [640 NYS2d 217] —In an action for a divorce and ancillary relief, the defendant husband appeals from stated portions of a judgment of the Supreme Court, Westchester County (Fredman, J.), dated January 24, 1994, which, after a nonjury trial, *inter alia,* (1) awarded the plaintiff wife a distributive award of $350,000 payable at a rate of $35,000 per year over a period of 10 years with interest at 9% per year; (2) awarded her maintenance in the sum of $30,000 per year for 10 years and $15,000 per year for the following five years; and (3) awarded child support in the sum of $20,000 per year, and the plaintiff wife cross-appeals on the ground of inadequacy from stated portions of the same judgment.

Ordered that the judgment is modified, on the law, by (1) deleting from the sixth decretal paragraph thereof the sums of $350,000 and $35,000 and substituting therefor the sums of

$153,000 and $15,300, respectively, (2) deleting from the fifth decretal paragraph thereof the following: "Defendant shall be fully and personally responsible for payment in full of such expenses" and substituting therefor the following: "Defendant shall be responsible for payment of 78% of such expenses", (3) deleting from the seventh decretal paragraph the following: "the sum of $30,000.00 per year ($2,500 per month) for the first ten (10) years after the effective date of the decision of this court, to be reduced to the sum of $15,000.00 per year ($1,250.00 per month) for the following five (5) years" and substituting therefor the following: "the sum of $20,000 per year ($1,666.66 per month) for ten (10) years", and (4) adding a decretal paragraph permitting the husband to claim the children as dependants for income tax purposes; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

In this case, the husband's medical license was the sole marital asset subject to equitable distribution (*see generally, O'Brien v O'Brien,* 66 NY2d 576; *Shoenfeld v Shoenfeld,* 168 AD2d 674; *see also, McSparron v McSparron,* 87 NY2d 275), and the wife, as the nontitled spouse, had the burden of proving the asset's value so as to afford the court a sufficient basis upon which to make a distributive award (*see, Grenier v Grenier,* 210 AD2d 557; *Semans v Semans,* 199 AD2d 790; *Shapiro v Shapiro,* 151 AD2d 559; *Gredel v Gredel,* 128 AD2d 834).

At the trial of this action, the wife's expert compared the husband's earning capacity as a licensed medical doctor with a specialty as an internist with his earning capacity if he were merely a mathematician with a B.A., which was the degree he earned before attending medical school. The trial court, however, found that the defendant was a medical doctor in all respects at the time of the parties' marriage and, therefore, rejected the testimony of the wife's expert. We agree with the court's finding in this regard.

Since the expert testimony provided by the wife was completely immaterial to this case, the only remaining competent testimony as to the value of the license was that of the expert who testified on behalf of the husband. Clearly, therefore, the wife failed to sustain her burden of proving the value of the license (*see, Grenier v Grenier, supra; Semans v Semans, supra),* and the testimony as to its value provided by the husband's expert stands uncontroverted.

However, despite the fact that the valuation put forth by the husband's expert was the only competent evidence as to the value of the husband's medical license, the trial court provided

for a distributive award of more than twice the value of the license as computed by the husband's expert, stating that it wished to provide the wife with a "nest egg". In this, the court erred.

The valuation of a marital asset must be founded in economic reality (*see, Harmon v Harmon,* 173 AD2d 98), and "it is not enough that the court's decision merely fix value without making further findings as will show how the value fixed was ascertained" (*Capasso v Capasso,* 119 AD2d 268, 273). In the absence of any proof to sustain its valuation of the license, the trial court's decision to value the license at $350,000 was mere speculation (*see, Culnan v Culnan,* 142 AD2d 805, 806). "Such an unsupported conclusion, without an adequate articulation of reasons, cannot stand" (*Gainer v Gainer,* 111 AD2d 308, 309).

Since the qualifications of the husband's expert were not questioned by the trial court and since his testimony was the only competent evidence as to the value of the husband's medical license, the court's distributive award cannot stand and must be reduced to the sum of $153,000, this being the value of the license as computed by the husband's expert.

Taking into consideration (1) the duration of the parties' marriage, (2) the wife's relatively young age and excellent health at the time of trial, and (3) the fact that the parties' two children were already 11 and 9 years old on the date maintenance payments were to commence, we find that the award of maintenance was excessive and that an award of $20,000 per year for 10 years is appropriate (*see, Madori v Madori,* 201 AD2d 859; *Nolfo v Nolfo,* 188 AD2d 451; *Rosenberg v Rosenberg,* 155 AD2d 428).

As to the child support award, the court was free to consider, *inter alia,* the parties' financial resources, the higher standard of living the children would have enjoyed had the marriage not been dissolved, and the fact that the husband's gross income is substantially greater than the wife's (*see,* Domestic Relations Law § 240 [1-b] [c] [3]; [f]). In recognition of these factors, the court's child support award of $20,000 per year was proper.

In view of the fact that the husband pays maintenance to the wife, which amount is deductible from his gross income when determining the child support award, an adjustment in the amount payable as child support should be made upon the termination of the maintenance award (*see,* Domestic Relations Law § 240 [1-b] [b] [5] [vii] [C]).

The husband's share of the children's reasonable health care

expenses not covered by insurance should be in the same proportion as his income is to the parties' combined income (*see,* Domestic Relations Law § 240 [1-b] [c]).

We also find that the husband should be permitted to claim the children as dependents for income tax purposes (*see, Mahon v Mahon,* 129 AD2d 684).

We have considered the parties' remaining contentions and find them to be without merit. Balletta, J. P., Rosenblatt, Ritter and Pizzuto, JJ., concur.