■ In the Matter of BLUE CIRCLE, INC., Appellant, v VERNON SCHERMERHORN, as Assessor of the Town of Coeymans, et al., Respondents. (And Three Other Related Proceedings.) [652 NYS2d 817] —Spain, J. Appeals (1) from an order of the Supreme Court (Teresi, J.), entered December 21, 1995 in Albany County, which, inter alia, in four proceedings pursuant to RPTL article 7, granted respondents' motion to confirm the Referee's report, and (2) from an order and judgment of said court, entered February 8, 1996 in Albany County, which, inter alia, dismissed petitioner's applications, in four proceedings pursuant to RPTL article 7, to review assessments of petitioner's property for the tax years 1991, 1992, 1993 and 1994.

The subject property in this proceeding is a 3,259.8-acre improved parcel located in the Town of Coeymans, Albany County, which is used as a cement manufacturing facility. Petitioner, by four separate petitions, sought review of the tax assessment on its property for the years 1991, 1992, 1993 and 1994. The matters were consolidated and respondent Ravena-Coeymans-Selkirk Central School District was granted status as an intervenor. Supreme Court, by order dated March 23, 1995, appointed a Referee to hear and report.

A trial was held before the Referee in July 1995. In his report the Referee rejected petitioner's market or sales comparison approach as well as the cost approach and found that the assessment for each year was approximately $3,300,000, equating to an approximate market value of the property ranging from $64,000,000 to $67,000,000 depending on the year. The Referee, in conclusion, found that petitioner failed to overcome its burden of showing by substantial evidence that the assessments at issue were erroneous. Subsequently, respondents moved for an order confirming the Referee's report and petitioner cross-moved to reject said report. By decision and order entered December 21, 1995, Supreme Court confirmed the Referee's report in its entirety and, by order and judgment entered February 8, 1996, Supreme Court again ordered confirmation of the Referee's report and dismissed the petitions based on petitioner's failure to sustain its burden of proof. Petitioner appeals both the December 1995 order and the February 1996 order and judgment.

We *affirm.* Initially, we reject petitioner's contention that the findings of the Referee were not supported by the record and that Supreme Court should have adopted the findings of petitioner's experts as to the valuation of the property in question. It is well settled that the report of a Referee should be confirmed if the findings therein are supported by the record (*see, Schwartz v Meisner*, 198 AD2d 634; *Namer v 152-54-56 W. 15th St. Realty Corp.*, 108 AD2d 705). Further, there is a presumption of the validity of a tax assessment and a petitioner has the burden to overcome that presumption by substantial evidence establishing that the assessments are excessive; "when the taxpayer's proof is inadequate, the presumption remains in effect" (*Matter of General Motors Corp. Cent. Foundry Div. v Assessor of Town of Massena*, 146 AD2d 851, 853, *lv denied* 74 NY2d 604; *see, Matter of State of New York v Town of Thurman*, 183 AD2d 264, 266).

Petitioner contends that it satisfied its burden through its appraiser, who utilized both the market approach and the cost approach in assessing the value of the property. In his market approach analysis, petitioner's appraiser relied on the sales comparison of six cement plants throughout the United States and determined that the market value of the subject cement plant was $25,500,000. The record reveals that petitioner's property, in all respects, is larger and has greater production capacity than any of the "comparable" properties and, in comparing the other properties, the appraisal report points out the salient characteristics of the comparable properties to petitioner's property, including total land area, minable quarry area, plant building area, clinker production capacity, finished grading capacity and whether the particular plant utilizes a wet kiln as opposed to a more advantageous dry kiln process. Because the subject property exceeded the comparable properties in all aspects, the appraiser utilized a multiple variable, linear regression analysis using the above variables. This process, as described by the appraiser, is a "mathematical process in which the computer goes through and makes a series of calculation[s] and comparisons".

Significant, however, is the appraiser's failure to factor into the equation that the subject property, unlike the comparable properties, has the ability to transport by barge because of its access to the Hudson River. This omission is especially suspect given the fact that the appraiser testified that "cement plants normally need to be close to barge facilities because the cheapest way to move heavy bulk material is by barge and not specifically by truck". In our view, the appraiser's concession that a barge is the cheapest way to transport, coupled with his

glaring omission of the barge factor from his market analysis, support the Referee's conclusion that the "failure of [the appraiser] to factor this advantage into his multiple regression formula, as a positive adjustment for the subject property, when relating it to the listed comparable sales * * * flaws the mathematical result which his regression formula seeks to achieve".

Additionally, while the appraiser testified and the appraisal report indicates that the first comparable property sold for $6,180,000, his associate's notes indicated that the property sold for $61,000,000; further, with respect to the fifth property, the appraiser noted that this property sold for $21,534,000, while the notes of his associate reveal that said property sold for $89,000,000. In our view these discrepancies, which were brought out during cross-examination, support the Referee's findings that "[t]he failure of [the appraiser] to offer any documentation in the form of deeds or other materials confirming his determination of the sale price * * * casts a serious doubt upon the credibility of his testimony and consequently, I choose to reject his testimony on this issue".

Given the fact that it is within the Referee's discretion to accept or reject the appraisal of a party (*see, Matter of Wind v First Rockaway Coast Corp.*, 190 AD2d 811, *lv denied* 82 NY2d 651; *Hoyt v Hoyt*, 166 AD2d 800, 801-802) and, having found that the sales were not comparable due to the lack of access to barge transportation as well as inconsistent sale prices, we conclude that the Referee properly rejected the appraisal report submitted by petitioner (*see, Matter of Stonegate Family Holdings v Board of Assessors*, 222 AD2d 997, 998-999; *Matter of Benson v Town of Saugerties*, 174 AD2d 939; *Matter of General Motors Corp. Cent. Foundry Div. v Assessor of Town of Massena*, 146 AD2d 851, 853, *supra*). Notably, the parties concede that the market approach is the most reliable approach and that under certain circumstances reliance on the cost approach is inappropriate. In fact, the Court of Appeals has stated that the "cost method of valuation may result in serious overvaluation of the property * * * Thus, reproduction cost should be utilized only in those limited instances in which no other method of valuation will yield a legally and economically realistic value for the property" (*Matter of Great Atl. & Pac. Tea Co. v Kiernan*, 42 NY2d 236, 242). Petitioner's attempt to utilize the cost approach is, at best, suspect. Moreover, the record supports the Referee's determination that petitioner's failure to include certain structures and improvements at the cement facility rendered the opinions of petitioner's experts incomplete as a matter of law. Because the record,

as previously demonstrated, amply supports the Referee's findings, we conclude that Supreme Court properly confirmed them (*see, Namer v 152-54-56 W. 15th St. Realty Corp.*, 108 AD2d 705, 706, *supra*; *cf., Schwartz v Meisner*, 198 AD2d 634, *supra*).

Cardona, P. J., Mercure, Casey and Carpinello, JJ., concur. Ordered that the order and judgment and order are affirmed, without costs.