■ MARLA HARRIS, Appellant, v RICHARD HARRIS, Respondent. [662 NYS2d 532] —In an action for a divorce and ancillary

relief, the plaintiff wife appeals (1), as limited by her brief, from stated portions of a judgment of the Supreme Court, Queens County (Gartenstein, J.H.O.), entered April 19, 1996, which, after a nonjury trial (Modugno, J.H.O.), *inter alia,* (a) awarded her child support in the sum of only $239.55 per week until August 28, 1996, and $251.80 per week beginning on September 4, 1996, (b) awarded her, as separate property, only $2,816 of the proceeds of an account at the East New York Savings Bank, and (c) failed to direct the husband to maintain life insurance for the benefit of her and the parties' child, and (2) from an order of the same court, dated June 24, 1996, which denied her motion to vacate the judgment of divorce and for leave to enter a "Proposed Resettled Judgment".

Ordered that the judgment is modified, on the law, by (1) deleting from the eighth decretal paragraph thereof the sums of $239.55 and $251.80 and substituting therefor the sums of $242.83 and $255.07, respectively, (2) deleting the provision of the fifteenth decretal paragraph which awarded the wife, as separate property, $2,816 of the proceeds of an account at the East New York Savings Bank, and substituting therefor a provision awarding the wife the sum of $3,624.05 representing the entire proceeds from the East New York Savings Bank account, and (3) adding a decretal paragraph thereto directing the husband to maintain a $500,000 life insurance policy naming the parties' child as the beneficiary; as so modified, the judgment is affirmed, without costs or disbursements; and it is further,

Ordered that the order is affirmed, without costs and disbursements.

The parties were married on August 6, 1988, and had one child, born on February 13, 1990. The parties separated in August 1992. At the time of the marriage, the wife was working as a school teacher and the husband was practicing dentistry. During the marriage, the husband purchased a dental practice and the wife stopped teaching when their child was born.

The wife commenced this action and a nonjury trial was held, *inter alia,* to address the issue of divorce and to equitably distribute the marital property. The trial was held before the Honorable Joseph Modugno (J.H.O.), who then drafted a decision. He subsequently suffered a heart attack. J.H.O. Modugno later died, and the decision could not be located. The parties, aware that a written decision existed but could not be found, agreed that they would submit the matter to a new Judge or Judicial Hearing Officer to render a new decision based upon

review of the transcripts and records. The matter came before the Honorable Stanley Gartenstein, who issued the judgment of divorce entered April 8, 1996, which is now the subject of this appeal. After the judgment was entered, the wife discovered the lost decision of J.H.O. Modugno at the Queens County Clerk's Office. The wife then moved to vacate the judgment entered April 8, 1996, and for leave to enter a "Proposed Resettled Judgment" incorporating the provisions of J.H.O. Modugno's decision. This motion was denied.

The court properly denied the wife's motion to vacate the judgment entered April 8, 1996, in that the parties knowingly and unconditionally stipulated to have J.H.O. Gartenstein render a new decision and enter judgment thereon (*see, Freidus v Eisenberg,* 71 NY2d 981; *Martin v City of Cohoes,* 37 NY2d 162). While a Judge, who did not preside over a trial, may not render a decision thereon, the parties may stipulate otherwise (*cf., Evans v State of New York,* 29 AD2d 611).

The court acted within its discretion in distributing the value of the husband's dental practice. The wife, the nontitled spouse, had the burden of proving the value of the practice so as to afford the court a sufficient basis upon which to make its award (*see, Iwahara v Iwahara,* 226 AD2d 346). The court, having reasonably rejected the wife's expert's testimony, was left with only the unrefuted testimony of the husband's expert. The court, therefore, properly relied upon the valuation of the dental practice given by the husband's expert (*see, Iwahara v Iwahara, supra; Gainer v Gainer,* 111 AD2d 308).

Moreover, in light of the brief duration of the marriage and the wife's minimal contribution to the dental practice, the court did not improvidently exercise its discretion in awarding the wife a 10% interest in the value of the dental practice (*see,* Domestic Relations Law § 236 [B] [5] [d] [6]; *Arvantides v Arvantides,* 64 NY2d 1033).

The court improperly awarded the wife, as separate property, only $2,816.39, representing the premarital sum in the savings account at the East New York Savings Bank. The wife presented sufficient proof that the money in that account was separate property and remained separate property throughout the marriage (*see,* Domestic Relations Law § 236 [B] [1] [d]; *Price v Price,* 69 NY2d 8). The husband failed to show that the appreciation of this separate property was the result of his contributions, rather than the result of unrelated factors such as market forces (*see, Hartog v Hartog,* 85 NY2d 36; *Price v Price, supra*). Accordingly, the wife should have been awarded the full amount of the account, i.e., $3,624.05.

The court, however, properly determined that the wife failed to prove that the money in a Fidelity Funds investment account and the Columbia Federal Savings Bank account was separate property by tracing the sources of that money (*see, Saasto v Saasto,* 211 AD2d 708; *Sarafian v Sarafian,* 140 AD2d 801).

The court improperly excluded $1,000 for car lease payments deducted by the husband as a business expense from his income for the purpose of determining child support (*see,* Domestic Relations Law § 240 [1-b] [b] [5] [vi]). Since this money was improperly excluded, we have adjusted the husband's income accordingly. Therefore, the child support award is modified by increasing the child support from $239.55 per week to $242.83 per week up to and including August 28, 1996, and from $251.80 to $255.07 per week commencing September 4, 1996.

The court improvidently exercised its discretion in not ordering the husband to maintain a life insurance policy (*see,* Domestic Relations Law § 236 [B] [8] [a]), and we direct that he maintain a $500,000 policy for the child's benefit. However, the court properly awarded the husband the right to treat the child as a tax exemption (*see, Burns v Burns,* 193 AD2d 1104, *mod on other grounds* 84 NY2d 369; *Ochoa v Ochoa,* 159 AD2d 285).

The court's award of maintenance properly set forth the factors required by Domestic Relations Law § 236 (B) (6) (a).

The wife's remaining contentions are without merit. Bracken, J. P., Rosenblatt, Goldstein and Luciano, JJ., concur.