■ In the Matter of LEHIGH PORTLAND CEMENT COMPANY, Appellant, v ASSESSOR OF THE TOWN OF CATSKILL et al., Respondents. (And Four Other Related Proceedings.) [693 NYS2d 671] —Mikoll, J. Appeal from a judgment of the Supreme Court (Williams, J.H.O.), entered June 17, 1998 in Greene County, which dismissed petitioner's applications, in five proceedings pursuant to RPTL article 7, to reduce the real property tax assessments on certain parcels owned by petitioner.

Petitioner commenced five tax certiorari proceedings, subsequently consolidated for trial, challenging the assessments on its Cementon and Alsen plants in the Town of Catskill, Greene County, for the tax years 1992-1993 through 1996-1997. At the close of evidence, Supreme Court granted respondents' motion to strike petitioner's expert appraisal reports and dismissed the petitions, as petitioner had not met its burden of establishing that the assessments were erroneous. Petitioner appeals.

The properties in question are improved as cement production and importation facilities. Petitioner purchased the Cementon plant in 1982 for approximately $11,634,000, of which $6,832,000 was allocated to plant and equipment. It thereafter invested approximately $40,000,000 in the facility, where cement was produced until 1994, when petitioner chose to cease production and focus solely on its import terminal operations. The Alsen facility, constructed in the 1920s, had been inactive

proceeding was improperly transferred to this Court (see, CPLR 7804 [g]; Matter of Barnhill v Coombe, 239 AD2d 719, 720, n *).

as a production plant since 1982, but its dock and extensive Hudson River frontage was used by petitioner in its import operations. For the tax years in question, the Cementon facility was assessed at $14,629,700, and the Alsen facility at $4,195,000, including land.

Central to petitioner's challenge to these assessments was its contention that because neither facility was being used for cement production, those structures specifically related to the production function had no value. Petitioner sought to validate this contention by utilizing the reproduction cost new less depreciation (hereinafter RCNLD) method of valuation. Under this method, the land value component is established separately, usually with reference to comparable sales of like property; here, the parties stipulated to vacant land values. The present-day cost of reproducing the property's improvements is' separately calculated, from which is subtracted the percentage of physical depreciation or functional obsolescence attributable to the existing structures as of the valuation date. The RCNLD value is the sum of the land value and depreciated value of the improvements (see, Matter of City of Troy v Kusala, 227 AD2d 736, 737-738, n 2; Matter of Long Is. Light. Co. v Assessor for Town of Brookhaven, 202 AD2d 32, 38, lv denied 85 NY2d 809).

Critical to petitioner's application of the RCNLD method was its use of a business enterprise valuation method to determine the appropriate depreciation component of the RCNLD equation. Essentially, petitioner's appraisers concluded that those structures and improvements which were specifically used for cement production were functionally obsolete and hence had no value because, in the context of a business enterprise valuation, they could not be used to profitably produce cement. Supreme Court rejected petitioner's appraisals principally because they were premised upon use of the business enterprise valuation, which the court found to be an improper vehicle for establishing market value. The court also found, however, that the appraisals' purported inclusion of the RCNLD methodology was "patently incomplete" and was tainted by numerous, substantial errors and omissions in calculating the reproduction cost in the RCNLD formula.

The determinative question presented is whether Supreme Court properly rejected petitioner's expert appraisal reports and their underlying methodology. Petitioner argues that the court's wholesale rejection of its appraisals was error because the business enterprise valuation method was not utilized at all with respect to the Alsen plant or the Cementon plant for the tax years 1995-1997, and was properly used to determine

the degree of functional and economic obsolescence for the Cementon plant for the years 1992-1995.

Significantly, petitioner on this appeal challenges only Supreme Court's rejection of its use of the business enterprise valuation method; it does not address the court's finding of numerous errors and omissions fatal to its purported use of the RCNLD method. Since a party's failure to raise an issue in its appellate brief is tantamount to abandonment or waiver of the issue (see, Gibeault v Home Ins. Co., 221 AD2d 826, 827, n 2; Transamerica Commercial Fin. Corp. v Matthews of Scotia, 178 AD2d 691, 692, n 1), we affirm solely upon Supreme Court's amply supported findings that petitioner's appraisal did not include numerous permanent assessable structures required to be included in a RCNLD calculation and without which petitioner's appraisal was incomplete as a matter of law (see, Matter of Blue Circle v Schermerhorn, 235 AD2d 771, 773; Matter of General Motors Corp. Cent. Foundry Div. v Assessor of Town of Massena, 146 AD2d 851, 853, lv denied 74 NY2d 604; Matter of Anitec Image Corp. v Assessor of City of Binghamton, 109 AD2d 962, 963).

We do not reach petitioner's arguments in support of its use of the business enterprise valuation to calculate depreciation because, although not raised by the parties, we conclude that petitioner's use of the RCNLD method was inappropriate here. It is well settled that "reproduction cost should be utilized only in those limited instances in which no other method of valuation will yield a legally and economically realistic value for the property" (Matter of Great Atl. & Pac. Tea Co. v Kiernan, 42 NY2d 236, 242). Because of its recognized tendency to result in overvaluation, use of the RCNLD method has generally been limited to valuation of properties deemed "specialties" (see, Matter of Saratoga Harness Racing v Williams, 91 NY2d 639, 646; Matter of Allied Corp. v Town of Camillus, 80 NY2d 351, 357; Matter of Great Atl. & Pac. Tea Co. v Kiernan, supra, at 240; Matter of Blue Circle v Schermerhorn, supra, at 773; see also, Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, 92 NY2d 179, 189). As Supreme Court quite properly found, the properties in question are not specialties. In addition to improvements unique to cement production, they possessed numerous other buildings, structures and features readily capable of general commercial use (see, id.). Another criterion of a specialty is that "there must be no market for the type of property and no sales of property for such use" (Matter of Allied Corp. v Town of Camillus, supra, at 357). Here, the record establishes that a market for cement plants indeed exists, as

other cement plants in the Northeast, including three in New York State with substantial similarities to the Cementon plant, had been sold in recent years (see, *Matter of County of Suffolk [C. J. Van Bourgondien, Inc.]*, 47 NY2d 507, 512; *Matter of Anitec Image Corp. v Assessor of City of Binghamton, supra,* at 963; *Matter of County of Nassau [Colony Beach Club]*, 43 AD2d 45, 49, *affd* 39 NY2d 958).

Given the availability of data to support a market valuation approach, recognized as the most reliable method of ascertaining value for assessment purposes, petitioner's purported use of the RCNLD method is "at best, suspect" (*Matter of Blue Circle v Schermerhorn, supra,* at 773). We are not persuaded by the opinions of the parties' experts that the market value approach has been eschewed in favor of the RCNLD method due to the uniqueness of improvements or the difficulties of adjusting sales prices of ongoing businesses to attain a real property valuation. Not only has the market value approach been used and recommended for cement plant assessment purposes (see, *id.*, at 773), the Court of Appeals has recently reaffirmed the principle that " '[d]espite the difficulties of computing the market value of large industrial complexes, the market value method of valuation is preferred as the most reliable measure of a property's full value for assessment purposes' " (*Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, supra,* at 189, quoting *Matter of General Elec. Co. v Town of Salina,* 69 NY2d 730, 731). We therefore independently affirm on the basis that petitioner's appraisal reports failed to utilize the appropriate valuation method.

Cardona, P. J., Crew III, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.