In the Matter of CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Respondent, v CITY OF NEW YORK et al., Appellants. [823 NYS2d 451]—

In five related proceedings pursuant to Real Property Tax Law article 7 to review real property tax assessments for tax years 1994/1995 through 1998/1999, the City of New York and the Tax Commission of the City of New York appeal from a judgment of the Supreme Court, Richmond County (Pesce, J.), dated October 5, 2004, which, after a nonjury trial, reduced the real property assessments on the subject property for each of the tax years in question.

Ordered that the judgment is affirmed, with costs.

At issue on this appeal is the value, for real property taxation purposes, of three power generation units and transmission facilities located on Staten Island. Consolidated Edison Company of New York, Inc. (hereinafter Con Edison), which owns them, and the City of New York, which taxes them, agree that the generation units and transmission facilities are specialty properties that must be valued using the reproduction-cost-new-less-depreciation (hereinafter RCNLD) method. However, Con Edison argues that the value of "functional obsolescence due to excess construction costs," a type of depreciation, should be deducted from reproduction cost to arrive at the value of the subject property, and the City argues that such a deduction is improper. The Supreme Court agreed with Con Edison. We affirm.

Despite the shortcomings inherent in RCNLD valuation (*see Matter of Allied Corp. v Town of Camillus*, 80 NY2d 351, 356-357 [1992]; *Matter of Great Atl. & Pac. Tea Co. v Kiernan*, 42 NY2d 236, 242 [1977]; *G.R.F. v Board of Assessors of County of Nassau*, 41 NY2d 512, 514 [1977]), the RCNLD method is used for valuing specialty property because the preferred methods for determining value, comparable sales and income capitalization, fail to yield a meaningful result with respect to such property (*see Matter of Great Atl. & Pac. Tea Co. v Kiernan, supra* at 239-240; *People ex rel. New York Stock Exch. Bldg. Co. v Cantor*, 221 App Div 193, 197 [1927], *affd* 248 NY 533 [1928]). Nevertheless, RCNLD is merely a methodology, not an end in itself. "[T]he ultimate purpose of valuation, whether in eminent domain or tax certiorari proceedings, is to arrive at a fair and realistic value of the property involved so that all property owners contribute equitably to the public fisc" (*Matter of Allied Corp. v Town of Camillus, supra* at 356; *see Matter of Commerce Holding Corp. v Board of Assessors of Town of Babylon*, 88 NY2d 724, 729 [1996]; *Matter of Great Atl. & Pac. Tea Co. v Kiernan, supra* at 242), that is, the standard for assessment remains market value (*see* RPTL 306).

Although the City's appraiser agreed with Con Edison's appraiser that depreciation for functional obsolescence due to excess construction costs is properly deducted from reproduction cost in determining value, the City's appraiser did not apply this deduction in his calculations based upon the conclusion of the Corporation Counsel's office that the deduction was not permitted. That conclusion was incorrect. Depreciation for functional obsolescence due to excess construction costs is, where indicated by the facts, a necessary measure of "disutility diminishing in some way the value of the property" (*Matter of*

*Onondaga County Water Dist. v Board of Assessors of Town of Minetto,* 39 NY2d 601, 605 [1976]; *see Matter of Long Is. Light. Co. v Assessor for Town of Brookhaven,* 202 AD2d 32, 42-44 [1994]).

Contrary to the City's argument, *Matter of Brooklyn Union Gas Co. v State Bd. of Equalization & Assessment* (65 NY2d 472 [1985]) does not preclude consideration of depreciation for functional obsolescence due to excess construction costs in valuing specialty properties. The issue in *Brooklyn Union* was whether certain underground gas mains were specialty property (*id.* at 481). Finding that they were, the Court of Appeals held that valuation by the income capitalization approach was not appropriate. In reaching that conclusion, the Court rejected the argument that the distribution mains in issue could not be treated as specialty property because they could be replaced by newer, less expensive mains. Thus, while the Court reiterated that the proper way to value specialty property was by the RCNLD method, it neither defined the parameters of that approach to valuation nor held, as the City contends, that depreciation for functional obsolescence due to excess construction costs was precluded.

Also contrary to the City's contention, the deduction allowed by the Supreme Court did not effectively value the subject property based on replacement cost. Replacement cost is objectionable as a method of appraisal for real property tax purposes because it measures future value, rather than value on the taxable status date (*see Matter of Allied Corp. v Town of Camillus, supra* at 360), which is the valuation issue for real property taxation purposes (*see* RPTL 301). Depreciation for functional obsolescence due to excess construction costs, by contrast, adjusts reproduction costs to account for reductions in the value as measured by those costs due to changes in materials and technology (*see* Appraisal of Real Estate at 403 [Appraisal Institute, 12th ed]), and as such is an appropriate factor in determining the current value of a specialty property that would otherwise be overvalued by the use of reproduction cost alone (*see Matter of Allied Corp. v Town of Camillus, supra* at 356-357; *Matter of Great Atl. & Pac. Tea Co. v Kiernan, supra* at 242; *G.R.F. v Board of Assessors of County of Nassau, supra* at 514). "The command of section 306 of the Real Property Tax Law that all property be assessed at full value does not pronounce an inelastic approach to valuation" (*Matter of Merrick Holding Corp. v Board of Assessors of County of Nassau,* 45 NY2d 538, 541 [1978]). That the amount of depreciation is calculated by comparing reproduction cost to replacement cost,

or even that the calculation resulted here in a valuation equal to that which would have been reached on the basis of replacement cost, is not a basis to reject the methodology, at least in the absence of a reasoned valuation basis for doing so. The record here presents no such basis.

We also reject the City's contention that consideration of depreciation for functional obsolescence due to excess construction costs was inappropriate here because the subject property was economically viable despite its technical and design inefficiencies. Complete lack of economic viability is not required before depreciation for functional obsolescence due to excess construction costs may be considered (*see Matter of Long Is. Light. Co. v Assessor for Town of Brookhaven, supra* at 42-44). Contrary to the City's contention, the authorities upon which it relies do not compel a contrary conclusion. *Barber & Bennett v State of New York* (34 AD2d 303 [1970]) and *Congregation of Sons of Israel v State of New York* (54 AD2d 794 [1976]), in addition to being condemnation cases, hold only that "there can be no rigid rule as to what facts will require a finding of obsolescence as a matter of law, but that each case must be considered upon its own facts on this issue" (*Barber & Bennett v State of New York, supra* at 307), a showing which the state did not make in either of those cases. *Matter of Niagara Mohawk Power Corp. v City of Dunkirk Assessor* (221 AD2d 912 [1995]) was affirmed on the ground that the court had properly stricken the petitioner's appraisal reports "[b]ecause petitioner's appraisers admitted to employing a series of improper deductions" (*id.*), not on the basis of any substantive determination made by the Supreme Court.

To the extent that it is relevant at all, the *Niagara Mohawk* case stands only for the proposition that a deduction for functional obsolescence due to excess construction costs was not appropriate in the circumstances presented there. Here, by contrast, there is no showing other than that such a deduction is appropriate, since both appraisers agreed that proper valuation of the property required the deduction. On this record, therefore, the deduction for depreciation as a result of functional obsolescence due to excess construction costs was appropriate.

Accordingly, the Supreme Court correctly reduced the tax assessments for the subject real property. Adams, J.P., Ritter and Spolzino, JJ., concur.

Goldstein, J. (dissenting and voting to reverse the judgment appealed from and to remit the matter to the Supreme Court, Richmond County, for a new determination based upon reproduction costs new less proper adjustments, with the following

memorandum, in which Luciano, J., concurs). As noted by the majority, the property in issue—an electric generating plant—should be valued as a specialty property based upon reproduction-cost-new-less-depreciation (*see Matter of Brooklyn Union Gas Co. v State Bd. of Equalization & Assessment*, 65 NY2d 472, 488 [1985]; *Matter of Long Is. Light. Co. v Assessor for Town of Brookhaven*, 246 AD2d 156, 159 [1998]; *Matter of Long Is. Light. Co. v Assessor for Town of Brookhaven*, 202 AD2d 32, 37 [1994]). A specialty property is defined as (1) a unique property specially built for the specific purpose for which it is designed, (2) with no market for the type of property and no sales of property with such a use, (3) used for the special purpose for which it was designed, and (4) constituting an appropriate improvement with a use that is economically feasible and reasonably expected to be replaced (*see Matter of Niagara Mohawk Power Corp. v Assessor of Town of Geddes*, 92 NY2d 192, 197 [1998]; *Matter of Allied Corp. v Town of Camillus*, 80 NY2d 351, 357 [1992]).

This four-part criteria was developed in eminent domain cases, where there is a taking and "the issue of replacement is not speculative or hypothetical" (*Matter of Allied Corp. v Town of Camillus, supra* at 359). However, in a tax certiorari proceeding, "nothing is being taken away . . . and therefore nothing is in need of replacement"; accordingly, the question of whether the improvement is expected to be replaced is of little relevance (*Matter of Allied Corp. v Town of Camillus, supra* at 360). At issue is the value of the property on the taxable status date and not its future use or value.

Replacement cost has been defined as the estimated cost of constructing a building with an equivalent utility at current prices, using modern materials (*see Snider v Casino Aztar/Aztar Missouri Gaming Corp.*, 156 SW3d 341, 346 [Mo 2005]). Replacement cost is generally lower than reproduction cost since it does not include obsolescent features which would not be replaced (*see American Exp. Fin. Advisors, Inc. v County of Carver*, 573 NW2d 651, 660 [Minn 1998]). The majority acknowledges that replacement cost "is objectionable as a method of appraisal for real property tax purposes because it is a measure of future value, rather than value on the taxable status date" (*see Matter of Allied Corp. v Town of Camillus, supra*).

If the facility is capable of profitable operation, deduction for functional obsolescence based upon replacement cost is not appropriate (*see Matter of Niagara Mohawk Power Corp. v City of Dunkirk Assessor*, Sup Ct, Chautauqua County, Apr. 26, 1994,

Gerace, J., *affd* 221 AD2d 912 [1995]). *Matter of Long Is. Light. Co. v Assessor for Town of Brookhaven (supra)* cited by the majority to support a contrary inference, is distinguishable, since in that case, during the tax years in issue, the power plant "was under various stages of construction" and was never in operation.

The testimony at the trial established that recognition of "all forms of excess construction costs as a form of obsolescence" would result in a valuation "identical to replacement cost." The City's appraiser was instructed that replacement cost was an improper method of valuation. This was a correct statement of New York law as expressed by the Court of Appeals. The replacement value was not an appropriate method of valuation in this tax certiorari proceeding and the adoption of that method of valuation constitutes reversible error (*see Matter of Allied Corp. v Town of Camillus, supra; Matter of Brooklyn Union Gas Co. v State Bd. of Equalization and Assessment, supra* at 485; *Matter of Lehigh Portland Cement Co. v Assessor of Town of Catskill,* 263 AD2d 558, 561 [1999]; *Matter of Blue Circle v Schermerhorn,* 235 AD2d 771 [1997]; *Niagara Falls Urban Renewal Agency v Gorge Term. Realty Co.,* 92 AD2d 719 [1983]).

Functional obsolescence or depreciation includes overbuilding where the capacity of the asset exceeds reasonable anticipated demands (*see Matter of Onondaga County Water Dist. v Board of Assessors of Town of Minetto,* 39 NY2d 601, 606 [1976]) or includes a component which exceeds market requirements (*see* Appraisal of Real Estate at 404 [Appraisal Institute 12th ed]). Functional obsolescence may also be attributable to deficiencies which prevent the facility from working efficiently (*see* Appraisal of Real Estate at 404 [Appraisal Institute 12th ed]).

The petitioner's appraiser, in the guise of adjusting reproduction cost new for functional obsolescence, deducted as functional obsolescence from the reproduction cost new the difference between reproduction cost new and replacement cost—thus arriving at replacement cost. The petitioner's appraiser then made a further downward adjustment for excess operation and maintenance costs based upon inefficient operations.

The Supreme Court adopted the valuations of the petitioner's appraiser, which were then adjusted for physical depreciation. The adjustment for physical depreciation is not contested on this appeal. However, the use of replacement cost was improper.

Accordingly, the judgment should be reversed, on the law, with costs, and the matter remitted to the Supreme Court, Richmond County, for a new determination based upon reproduction costs new less proper adjustments. Such proper adjust-

ments include adjustments for functional obsolescence based upon excess operation and maintenance costs. However, the so-called adjustment imposed for functional obsolescence based upon the replacement cost of a modernized plant was improper.