■ In the Matter of KINGDON GOULD, JR., et al., Respondents, v ROBERT A. KERWICH, as Assessor for the Town of Hardenburgh, et al., Appellants.— Appeal from so much of an order of the Supreme Court at Special Term, entered January 25, 1978 in Ulster County, in a proceeding pursuant to article 7 of the Real Property Tax Law, as granted petitioners leave to serve an amended petition. Petitioners, owners of 15 parcels of land in the Town of Hardenbugh, filed a complaint with the board of assessment review seeking a reduction of the assessments on their 15 parcels for the year 1977 based on four grounds, including overvaluation and inequality. The board rejected petitioners' claims. Thereafter this proceeding was commenced pursuant to article 7 of the Real Property Tax Law to review the assessments, again alleging, among other things, overvaluation and inequality. Appellants moved to dismiss the petition, and with regard to the allegations of overvaluation and inequality, Special Term granted the motion with leave to petitioners to amend their petition. This appeal is concerned solely with the leave granted to petitioners to amend their petition. The appellants assert that the "complaint" submitted to the board of assessment review was jurisdictionally defective because of a lack of specificity as to overvaluation and inequality. Assuming, for present purposes, that such a lack of specificity would have justified a refusal by the board and/or its assessor to consider the subject allegations, the present record establishes without dispute that the board "received and acted upon said application [complaint] for correction and held a hearing thereon and refused and failed to correct or reduce said assessment." In the recent case of *Matter of Consolidated Edison Co. of N. Y. v State Bd. of Equalization & Assessment* (60 AD2d 356, mot for lv to app den 45 NY2d 706) it was held that a lack of preciseness in specificity did not "jurisdictionally" defeat petitions based on complaints which did allege overvaluation and inequality as objections when the board was nevertheless adequately notified of the substance of the claim. In the

*Consolidated Edison* case the administrative agency had acted on the complaints and not simply ignored them as inadequate, and the identical situation is present in this case. The appellants would distinguish *Consolidated Edison* by alleging in its brief that the present record does not show that a hearing was held. However, such a distinction would simply be another example of a waiver by the board of any "jurisdictional" defect. The complaint in the present case complied with the caution expressed in *People ex rel. Irving Trust Co. v Miller* (264 App Div 270, 272) that the complaint must state the objection and its grounds. Matters of evidence or statements of fact are not jurisdictional *(Matter of Rokowsky v Finance Administrator of City of N. Y.,* 80 Misc 2d 801, 805, affd on opn below 51 AD2d 694, affd 41 NY2d 574). Order affirmed, without costs. Kane, Mikoll and Herlihy, JJ., concur; Sweeney, J. P., and Staley, Jr., J., dissent and vote to modify in the following memorandum by Sweeney, J. P. Sweeney, J. P. (dissenting). We are unable to agree with the result reached by the majority and, therefore, dissent. While leave to amend pleadings should be freely given (CPLR 3025), a defect which affects jurisdiction is nevertheless fatal. The issue, therefore, narrows to whether the complaint sufficiently alleged facts to apprise appellants of the various grievances. If the complaint is jurisdictionally defective, such defect may not be remedied by an amendment to the petition. The petition contains the same allegations as to overvaluation and inequality as the complaint. Furthermore, an examination of the record reveals that there was, in fact, no hearing before the board. The complaint sets forth the total full value of all the properties and the total assessed value of all the properties. Each assessment, however, stands alone and is independent of all others *(People ex rel. Ward v Sutton,* 230 NY 339). It is conceivable that some parcels may be overvalued and other parcels unequally valued. On this record there was no way of discerning the numerical extent of the claimed overvaluation, if any, of any particular parcel or whether any particular parcel was unequally valued. Consequently, appellants lacked sufficient knowledge to render an informed opinion concerning the alleged grievances and no basis existed for a review of the assessment *(Matter of Cherrypike Estates v Herbert,* 67 Misc 2d 853). Such defects, in our view, are jurisdictional in nature and unable to be remedied by an amendment to the petition (see *People ex rel. City of New York v Keeler,* 237 NY 332). Special Term, therefore, erred in granting petitioners leave to amend and the order must be modified.