■ In the Matter of KINGDON GOULD, JR., et al., Respondents, v ROBERT A. KERWICK, as Assessor of the Town of Hardenburgh, et al., Appellants. — Appeal from an order of the Supreme Court at Special Term, entered February 21, 1980 in Ulster County in a proceeding pursuant to article 7 of the Real Property Tax Law, which denied respondents' motion for summary judgment. When this matter was before us on a prior occasion *(Matter of Gould v Kerwick,* 65 AD2d 848), we affirmed Special Term's ruling that petitioners be permitted to amend their petition with respect to the claims of overvaluation and inequality, it being our view that the requisite jurisdictional predicate of specificity of the claims required by section 706 of the Real Property Tax Law had been satisfied by the contents of the petition, and, alternatively, that the respondent board had waived any objection to the petition based upon lack of pleading specificity by receiving and acting on the petition. * Petitioners amended their complaint and respondents moved for summary judgment attacking petitioners' claims of illegality, overvaluation, inequality and denial of agricultural value assessments. The motion was denied by Special Term and this appeal ensued. Initially, we reject respondents' contention that the amended petition is jurisdictionally defective (Real Property Tax Law, § 706) with respect to the claims of overvaluation and inequality. We have already determined the petition to be jurisdictionally adequate and such holding is the law of the case until such time as an appeal may be taken from a final order (Siegel, New York Practice, § 276). Next, there are triable issues of fact as to petitioners' claims of overvaluation, inequality and agricultural value assessments that preclude the summary relief sought by respondents. While we recognize that article 7 of the Real Property Tax Law, when read together with the not inconsistent provisions of the Civil Practice Law and Rules, empowers us to grant summary relief in tax proceedings *(Matter of Trustees of Sailors' Snug Harbor in City of N. Y. v Tax Comm. of City of N. Y.,* 26 NY2d 444, 450), such relief must be withheld where as here, triable issues are present. Here, there is a discrepancy of $1,206,703 between the valuations placed by the parties on the subject property. Given the contents of the pleadings, we cannot accept the valuation of either of the parties as a matter of law. With respect to the issue of inequality, subdivision 2 of section 720 of the Real Property Tax Law provides that "If it appears to the court that testimony is necessary * * * it shall take evidence * * * as it may direct." Here, there are allegations in the petition that respondents have assessed

* By order entered March 8, 1979, respondents' motion for reargument or renewal or permission to appeal to the Court of Appeals was denied.

petitioners' property at a greater percentage of its full value than property generally in the Town of Hardenburgh. Such an allegation raises a fact issue, particularly when, as here, the allegation is challenged only by a general denial in the answer (cf. *Mercantile Nat. Bank v Mayor, etc., of City of N. Y.,* 172 NY 35; *People ex rel. Warren v Carter,* 109 NY 576). Turning to the question of agricultural value assessments, we are of the view that the issue is not reviewable on jurisdictional grounds in the context of this appeal. Respondents have previously moved to dismiss these claims on jurisdictional grounds and the motion was denied. No appeal was taken from that order and the jurisdictional issue cannot surface again unless there is an appeal from a final order herein. However, the unappealed order does not bar the present appeal from that portion of the order that denied summary disposition of these claims on the merits *(Fink v Horn Constr. Co.,* 58 AD2d 574; cf. *Matter of Consolidated Edison Co. of N. Y. v State Bd. of Equalization & Assessment,* 73 AD2d 31). However, it is readily apparent from the allegations of the petition that most of the subject property has enjoyed agricultural exemptions in the past, and that a commitment of those same parcels of land to continued agricultural production has been filed as required by section 305 of the Agriculture and Markets Law. Futhermore, subdivision 3 of section 305 states that it shall be the policy of all State agencies to encourage farming in agricultural districts. Given this background we cannot say as a matter of law that petitioners are not presently entitled to such an exemption for those parcels of land for which both a commitment and an application of land use for agricultural production has been filed. However, since petitioners failed to file a commitment for Parcel No. 101923 in the original petition, it may not be included in the amended petition. Only those parcels enumerated in the original petition are deemed jurisdictionally sufficient. As to those parcels, fact finding is necessary to determine their qualification for agricultural value assessments. Petitioners' attack on the assessment in their amended petition on the ground of illegality is not properly before this court. Special Term's order which granted petitioners leave to amend with respect to the claim of overvaluation and inequality, also granted respondents' motion for summary judgment dismissing the claim based on illegality. No appeal was taken from that order. The issue of illegality is beyond our power to review. Lastly, while leave to amend should be freely given (CPLR 3025, subd [b]), no such amendment which alters ownership of land and can be countenanced. The amended petition includes as a party petitioner "Kingdon Gould, Jr. as trustee" of the subject property. Kingdon Gould, as trustee, is not an aggrieved person under subdivision 1 of section 704 of the Real Property Tax Law since none of the parcels is owned by him in such capacity. Order modified, on the law, by granting partial summary judgment in favor of respondents as to that part of the amended petition that alleges illegality as ground for relief; which seeks to include Parcel No. 101923 as property over assessed; and which includes as a party petitioner Kingdon Gould as "trustee", and, as so modified, affirmed, without costs. Mahoney, P.J., Greenblott, Sweeney, Kane and Herlihy, JJ., concur.