■ PURCHASE ENVIRONMENTAL PROTECTIVE ASSOCIATION, INC., Appellant, v COUNTY OF WESTCHESTER et al., Respondents. — Appeal from an order of the Supreme Court, Westchester County (Marbach, J.), entered July 13, 1981, dismissed. Said order was superseded by an order of the same court dated August 20, 1981, which was entered upon reargument. Order dated August 20, 1981, affirmed. No opinion. One bill of $50 costs and disbursements is awarded to the respondents appearing separately and filing separate briefs. Weinstein, J. P., O'Connor, Bracken and Rubin, JJ., concur.

■ SUZANNE SCHREIBMAN, Individually and as Administratrix of the Estate of SOL SCHREIBMAN, Deceased, Appellant, v SAUL Z. SHEPARD, Defendant, and ASTORIA GENERAL HOSPITAL, Respondent. — Order of the Supreme Court, Queens County (Santucci, J.), dated April 30, 1981, affirmed, with $50 costs and disbursements. No opinion. The defendant hospital's time to furnish sworn affidavits pursuant to Trial Term's order is extended until 20 days after service upon it of a copy of the order to be made hereon, with notice of entry. Titone, J. P., Bracken, Niehoff and Boyers, JJ., concur.

■ FLORENCE STERN, Appellant, v SEYMOUR STERN, Respondent. — In an action to recover damages based upon defendant's breach of a separation agreement, plaintiff appeals from an order of the Supreme Court, Nassau County (Roncallo, J.), dated July 22, 1981, which denied her motion for summary judgment. Order modified, on the law, by adding thereto, after the word "denied", the following: "except that plaintiff is granted partial summary judgment, on her first cause of action, for money due and owing as alimony under paragraph 3 of subdivision A of section 16 of the parties' separation agreement, for the period of November 19, 1979, through March, 1981." As so modified, order affirmed, with $50 costs and disbursements to plaintiff. The aforesaid claim for alimony is severed from the action. The first cause of action alleges defendant's breach of the alimony and child support provisions of the parties' separation agreement. Nonpayment is claimed for the period of November 19, 1979, through March, 1981. In his answer, defendant generally denies his obligation to pay the alimony and child support claimed as due and owing under the separation agreement. He then sets up as one of his affirmative defenses the emancipation of those children for whom support is claimed. On plaintiff's motion for summary judgment, the parties' separation agreement is presented to show defendant's obligation thereunder for alimony and child support. Although, in opposition to the motion, triable issues of fact are raised as to the emancipation of the parties' children, and thus, as to defendant's child support obligations, no issue of fact is raised as to defendant's alimony obligation if, and when, all children of the marriage are emancipated (i.e., $500 per month, pursuant to paragraph 3 of subdivision A of section 16 of the separation agreement). In his affidavit, defendant presents no evidentiary facts to controvert this obligation or plaintiff's allegation of nonpayment thereunder. Defendant simply entered a general denial thereof in his answer, which is insufficient to raise a triable issue of fact. (See *Iandoli v Lange,* 35 AD2d 793.) Accordingly, the order of Special Term should be modified to grant plaintiff partial summary judgment for alimony pursuant to paragraph 3 of subdivision A of section 16 of the agreement. Damiani, J. P., Lazer, Mangano and Brown, JJ., concur.