■ NEW YORK HIGHER EDUCATION SERVICES CORPORATION, Respondent, v VICTOR ORTIZ, Appellant. — Appeal from an order of the Supreme Court at Special Term (Mercure, J.), entered October 13, 1983 in Albany County, which granted plaintiff's motion for summary judgment.

Defendant's brief states: "The sole question raised on this appeal is whether or not unsigned promissory notes are sufficient, as a matter of law, to support a motion for summary judgment on a promissory note."

The question arises from the following facts. Defendant obtained certain student loans which were guaranteed by plaintiff. The complaint alleged that defendant had executed promissory notes and had defaulted in the payment thereof. The unverified answer consisted of a general denial of all allegations of the complaint except the corporate existence of plaintiff. Plaintiff then moved for summary judgment by service of a notice of motion with supporting documents, including copies of the original notes which indicated that the originals had been executed by defendant. Service was made approximately six weeks before the return date with the demand, pursuant to CPLR 2214 (subd [b]), that answering affidavits be served five days prior to the return date. Defendant neither met that deadline nor offered any excuse for his failure to do so. Neither did he nor his

attorney appear at Special Term. There being no objection to the authenticity of the copies of the original notes, Special Term granted plaintiff summary judgment. The issue of the authenticity of the copies was not preserved for appeal and may not be raised for the first time in this court (*State of New York Higher Educ. Servs. Corp. v Sferrazza,* 84 AD2d 874, 875). The general denial contained in defendant's answer is insufficient to defeat the motion for summary judgment (*Stern v Stern,* 87 AD2d 887).

Order affirmed, with costs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.