In the Matter of MICHAEL S. GRUEN et al., Appellants, v NORMA DEYO, as Tax Assessor of the Town of Chatham, Respondent. [630 NYS2d 396] —Cardona, P. J. Appeal from that part of an order of the Supreme Court (Keegan, J.), entered November 3, 1994 in Albany County, which, in a proceeding pursuant to RPTL article 7, denied petitioners' motion for, *inter alia*, summary judgment.

Petitioners commenced this proceeding pursuant to RPTL article 7 challenging the 1994 tax assessments of two parcels (hereinafter referred to as parcel A and parcel B) of real property they owned in the Town of Chatham, Columbia County. Respondent did not answer the petition, apparently relying instead on the automatic statutory denial of petitioners' allegations (*see*, RPTL 712 [1] [if the answer is not timely served all allegations of the petition are "deemed denied"]). Petitioners thereafter moved for summary judgment or, in the alternative, for an order compelling respondent to file an answer. In denying the motion, Supreme Court ruled that the "deemed denial" provision of RPTL 712 (1) raises issues of fact. The court did not specifically address the alternative request to compel the filing of an answer. This appeal by petitioners followed.

Initially, we note that it appears that all of the issues with respect to parcel B and the motion to compel an answer with respect to parcel A have been rendered moot by a subsequent decision by Supreme Court. In their reply brief, petitioners inform this court that the petition was granted as to parcel B and that respondent has been directed to file an answer with regard to parcel A. We therefore limit our discussion to

whether petitioners should have been awarded summary judgment with respect to parcel A.

We do not accept Supreme Court's analysis that the "deemed denial" provision of RPTL 712 (1) is sufficient to raise issues of fact. In our view, a "deemed denial" is no different than a "general denial" (*see*, CPLR 3018 [a]). A general denial is insufficient to raise an issue of fact on a summary judgment motion (*see*, *Bronowski v Magnus Enters.*, 61 AD2d 879; *Matter of Lefkowitz v McMillen*, 57 AD2d 979, *lv denied* 42 NY2d 807; 3 Weinstein-Korn-Miller, NY Civ Prac § 3018.04; *see also*, *Stern v Stern*, 87 AD2d 887). Nor do we accept respondent's contention that a different rule applies in tax certiorari proceedings and that in such proceedings a general denial is sufficient to raise an issue of fact. Although respondent cites *Matter of Gould v Kerwick* (78 AD2d 934) for support, that case is inapposite. There, it was the respondents who were seeking summary judgment, not the petitioners, and this court's ruling was limited to a determination that the petitioners' allegations were sufficient to raise a question of fact. We did not hold that a general denial solely was sufficient to raise an issue of fact.

We nevertheless affirm Supreme Court's denial of petitioners' motion for a different reason. In our view, regardless of the sufficiency of respondent's opposing papers, petitioners failed to demonstrate their initial entitlement to judgment in their favor as a matter of law (*see generally*, *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065). It is for that reason that denial of their summary judgment motion is required. Although RPTL article 7 allows a summary determination to the extent that the pleadings and papers raise no triable issues of fact, the same standards apply in resolving that question as are used when disposing of a summary judgment motion in an action (*see*, *Matter of Trustees of Sailors' Snug Harbor v Tax Commn.*, 26 NY2d 444, 450). Here, the motion and related documentation show that there are triable issues of fact as to petitioners' contention that parcel A was unequally and excessively assessed so as to preclude the summary relief they seek. Given the record before us, we cannot accept the valuation proffered by petitioners as a matter of law (*see*, *Matter of Bradley v Board of Assessment Review*, 198 AD2d 766). We have examined and rejected as unpersuasive petitioners' remaining arguments in support of their motion.

Mikoll, Mercure, Casey and Peters, JJ., concur. Ordered that the order is affirmed, without costs.