■ COMMERCIAL MUTUAL INSURANCE COMPANY, Respondent, v BAILA WAGSCHALL, an Infant, by Her Father and Natural Guardian, HERMAN WAGSCHALL, et al., Appellants. [681 NYS2d 317] —In an action for a judgment declaring, *inter alia,* that the plaintiff is under no duty to defend or indemnify the defendant Samuel Chaim Wagschall in a personal injury action entitled *Wagschall v Wagschall,* pending in Supreme Court, Rockland County, under Index No. 6610/94, the defendants Baila Wagschall, Herman Wagschall, and Freida Wagschall appeal, and the defendant Samuel Chaim Wagschall separately appeals from a judgment of the Supreme Court, Rockland County (Miller, J.), dated September 9, 1997, which, *inter alia,* declared that the plaintiff was not obligated to defend or indemnify Samuel Chaim Wagschall in the underlying action.

Ordered that the judgment is affirmed, with costs.

The plaintiff, Commercial Mutual Insurance Company, issued a homeowners policy to Samuel Chaim Wagschall and Freida Wagshall for their residence (hereinafter the premises). Under the terms of that policy, coverage did not apply to liability for bodily injury sustained by the residents of their household who are relatives. In 1990 Herman Wagschall and Baila Wagschall (Samuel and Freida's son and granddaughter, respectively), and their family, moved into the premises. In 1992 Baila sustained injuries in a house fire at the premises. She and Herman commenced the underlying personal injury

action. Subsequently, the plaintiff commenced the instant action for a judgment declaring, *inter alia,* that it was under no duty to defend Samuel in the underlying personal injury action because Baila and Herman were residents of Samuel's household and, hence, coverage was excluded.

Residency requires something more than temporary or physical presence and requires at least some degree of permanence and intention to remain (*see, Kradjian v American Mfrs. Mut. Ins. Co.,* 206 AD2d 801, 802; *New York Cent. Mut. Fire Ins. Co. v Kowalski,* 195 AD2d 940, 941; *Hollander v Nationwide Mut. Ins. Co.,* 60 AD2d 380). Under the facts of this case, the Supreme Court properly found that Baila and Herman were residents in Samuel's household, thereby excluding coverage under the subject policy. The uncontested facts show that at the time of the 1992 fire, Baila and Herman had been living with Samuel at the insured premises for a period of two years. They had no separate or other residence, and used that address as their own in school, police, and medical records. Also, they had no concrete plans of moving to any other specific residence.

The defendants' remaining contention is unpreserved for appellate review. Mangano, P. J., Thompson, Santucci and McGinity, JJ., concur.