■ In the Matter of ERC COMMUNITY WAREHOUSE, INC., Appellant, v RICHARD P. WHALEN, as Assessor of the Town of Hoosick, et al., Respondents. [699 NYS2d 159] —Cardona, P. J. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered April 13, 1999 in Rensselaer County, which, in a proceeding pursuant to RPTL article 7, denied petitioner's motion for summary judgment.

Barn Raisers, Inc., a not-for-profit corporation, acquired certain commercial property located on State Route 22 in the Town of Hoosick, Rensselear County, in December 1994. The property was subsequently exempted from real property taxes due to its use as a center for assisting in the development and construction of buildings for other not-for-profit corporations. When Barn Raisers failed to reapply for the exemption, the property reverted to its fully taxable status on the assessment roll published in May 1997 with a total assessed value of $160,000. Following petitioner's purchase of the subject property for $95,000, petitioner filed a complaint with respondent Town of Hoosick Board of Assessment Review (hereinafter the Board) challenging the 1998 assessment. The Board refused to reduce the assessment causing petitioner to commence this proceeding pursuant to RPTL article 7. Respondents did not serve an answer to the petition, but apparently relied upon the automatic statutory denial of petitioner's allegations contained in RPTL 712 (1). Petitioner made a motion for summary judgment which respondents did answer. Supreme Court denied the motion resulting in this appeal.

Initially, we note that tax assessments enjoy a presumption of validity and the burden is on the party challenging the assessment to show by substantial evidence that the assessment is excessive (*see, Matter of FMC Corp. [Peroxygen Chem. Div.] v Unmack*, 92 NY2d 179, 187; *Matter of Schachenmayr v Board of Assessors of Town of N. Elba*, 263 AD2d 731, 732-733; *Matter of Blue Circle v Schermerhorn*, 235 AD2d 771, 772). "In assessment review proceedings, the value at which real property may be taxed has been equated with market value" (*Grant Co. v Srogi*, 52 NY2d 496, 510). Market value has been defined as " 'the amount which one desiring but not compelled to purchase

will pay under ordinary conditions to a seller who desires but is not compelled to sell' " (*id.*, at 510, quoting *Heiman v Bishop*, 272 NY 83, 86; *see, Plaza Hotel Assocs. v Wellington Assocs.*, 37 NY2d 273, 277). Thus, "the rule has evolved that the purchase price set in the course of an arm's length transaction of recent vintage, if not explained away as abnormal in any fashion, is evidence of the 'highest rank' to determine the true value of the property at that time" (*Plaza Hotel Assocs. v Wellington Assocs., supra,* at 277, quoting *Matter of Woolworth Co. v Tax Commn.,* 20 NY2d 561, 565; *see, Grant Co. v Srogi, supra,* at 511).

In support of its application for a reduction of the 1998 assessment, petitioner submitted evidence that it recently purchased the property for $95,000. The evidence consisted of a copy of the deed, real property transfer tax forms (RP-5217 and TP-584), certificate of incorporation and an Internal Revenue Code status letter (*see,* 26 USC § 501 [c] [3]). In denying petitioner's application, the Board concluded that the proof of value submitted was insufficient and further noted that the property was not transferred in an "open market". Petitioner contends, *inter alia,* that inasmuch as the administrative record fails to contain evidence substantiating the Board's determination, summary judgment should have been granted.

Under the particular circumstances presented herein, we disagree. "Although RPTL article 7 allows a summary determination to the extent that the pleadings and papers raise no triable issues of fact, the same standards apply in resolving that question as are used when disposing of a summary judgment motion in an action" (*Matter of Gruen v Deyo,* 218 AD2d 865, 866). Here, the proof submitted by petitioner did not conclusively establish that the sale which occurred was an arm's length transaction. The deed indicated that the sale was between two not-for-profit corporations and the real property tax forms revealed that the sales price, $95,000, was substantially less than the full market value of the property based upon an assessed value of $160,000. We note that the record indicates that the $160,000 assessed value was never protested by the previous commercial owner. In our view, factual questions are presented on the issue of whether the sales price reflected an accurate valuation of the property. Therefore, Supreme Court's denial of petitioner's motion was proper (*id.*).

Mikoll, Mercure, Yesawich Jr. and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.