■ THOMAS E. FIORE et al., Respondents, v EXCELSIOR INSURANCE et al., Appellants, et al., Defendants. [714 NYS2d 149] —Spain, J. Appeal from an order of the Supreme Court (Bradley, J.), entered July 20, 1999 in Ulster County, which, *inter alia*, granted plaintiffs' motion for summary judgment and declared that defendants Excelsior Insurance, Peerless Insurance and Netherlands Insurance Companies must defend and indemnify plaintiffs in a personal injury action.

On January 22, 1994, defendant Robert G. Roth was seriously injured when he fell from a ladder while removing snow from the roof of the Cottekill, Ulster County home of his sister and her husband, plaintiffs herein. Plaintiffs notified their local insurance agent of the accident. Defendant Excelsior Insurance Company thereafter disclaimed coverage on the ground that Roth was an additional insured under plaintiffs' home-

owner's policy in that Roth was a relative living in plaintiffs' home and the policy did not provide coverage for bodily injury to an insured. Plaintiffs' policy, as relevant herein, defines an "insured" as the named insured as well as relatives who are residents of the insured's household and excludes personal liability coverage for bodily injury to any insured.

· Roth and his wife, derivatively, thereafter commenced the underlying personal injury action against plaintiffs seeking damages for his injuries. Plaintiffs then initiated this action seeking a declaration that defendants* must defend and indemnify them in the underlying action. Plaintiffs moved for summary judgment and defendants cross-moved for summary judgment or, alternately, to vacate plaintiffs' note of issue to allow further discovery. Supreme Court granted plaintiffs' motion and declared that defendants were required to defend and indemnify plaintiffs in the underlying action and provide insurance coverage under their policy, determining that the Roths never intended to make plaintiffs' residence their permanent residence. Defendants now appeal.

We affirm. The determinative issue is whether Roth was a resident of plaintiffs' household at the time of his accident and, therefore, an insured under plaintiffs' policy. It is settled law that where, as here, the term residency is not defined in the subject homeowner's policy, it "requires something more than temporary or physical presence and requires at least some degree of permanence and intention to remain" (*Commercial Mut. Ins. Co. v Wagschall*, 256 AD2d 300, 301; *see, Kradjian v American Mfrs. Mut. Ins. Co.*, 206 AD2d 801, 802; *New York Cent. Mut. Fire Ins. Co. v Kowalski*, 195 AD2d 940, 941). The uncontroverted proof established that approximately two months prior to the accident, the Roths sold their home in Florida and moved to New York. They accepted plaintiffs' offer to stay in their three-bedroom home until they could secure employment and a new home. The Roths slept in a bed in plaintiffs' dining room where they kept their clothing in boxes, as the other bedrooms were occupied by plaintiffs, their son and his family. The Roths' belongings were stored in plaintiffs' attic and basement as well as at other relatives' homes. At the time of the accident, the Roths had secured part-time employment and had contacted real estate agents in their search for a

* Defendants Excelsior Insurance Company and the Netherlands Insurance Company were listed on the face of the policy issued by defendant Peerless Insurance Company to plaintiffs. They all appear to be members of what is called "the Netherlands Insurance Companies". All three insurance companies will hereinafter be referred to collectively as defendants.

new home. Although they used plaintiffs' address for certain purposes, they had a post office box where they received their mail.

In view of the foregoing proof, Supreme Court properly determined as a matter of law that the Roths' stay at plaintiffs' home was "only temporary" and that they never intended to make plaintiffs' home their permanent residence (*see, Commercial Mut. Ins. Co. v Wagschall, supra,* at 301; *cf., New York Cent. Mut. Fire Ins. Co. v Kowalski,* 222 AD2d 859, 860-861; *Kradjian v America Mfrs. Mut. Ins. Co., supra*). Further, as the focus of this residency inquiry is on the nature of the Roths' presence in plaintiffs' home and their intentions in that regard at the time of the accident, the fact that they resided with plaintiffs for a prolonged period of time after Roth sustained his injuries is not determinative. The proof demonstrated that at the time of the accident the Roths were not residents of plaintiffs' household, thus the policy exclusions for bodily injury to the insured are inapplicable.

Finally, we find no error in Supreme Court's denial of defendants' cross motion to vacate plaintiffs' note of issue to afford defendants an additional opportunity for discovery. Plaintiffs complied with defendants' October 1996 discovery requests and the Roths and Thomas E. Fiore submitted to examinations before trial in October 1998. As defendants failed to thereafter request any additional discovery until plaintiffs filed a note of issue and moved for summary judgment in February 1999, Supreme Court properly denied defendants' motion to vacate plaintiffs' note of issue (*see, Meath v Mishrick,* 68 NY2d 992, 994).

Accordingly, Supreme Court correctly granted plaintiffs' motion for summary judgment and denied defendants' cross motion, declaring that defendants are obligated to provide insurance coverage to and defend and indemnify plaintiffs in the underlying personal injury action instituted against them by the Roths.

Mercure, J. P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.