■ STANLEY MITCHELL, Respondent, v ATLAS COPCO NORTH AMERICA, INC., Appellant, et al., Defendant. (And a Third-Party Action.) [762 NYS2d 541] —Spain, J. Appeal from that part of an order of the Supreme Court (Best, J.), entered May 6, 2002 in Montgomery County, which granted plaintiff's motion for partial summary judgment on the issue of liability under Labor Law § 240 (1).

Following a construction accident in October 1996, plaintiff, an electrician for third-party defendant, Dwight Electric, Inc., a subcontractor, commenced this Labor Law and negligence action against the site owner, defendant Atlas Copco North America, Inc., and the general contractor, Jersen Industries, Inc. Plaintiff sought recovery for injuries sustained when the fiberglass A-frame stepladder on which he was standing folded up and collapsed, causing him to fall to the ground. Plaintiff testified that he was removing support clips from the concrete ceiling of a room in Atlas's building under renovation while standing on the third or fourth rung of the fully extended ladder, which he described as "very worn" and "old" with "loose" rungs and rivets, when the left side of the ladder folded and it collapsed, causing his fall to the floor. He also alleged that there were construction remnants and other debris on the floor's surface which may have caused or contributed to the ladder's collapse, and that he had informed Dwight and Jersen

supervisors of this in the days before the accident and was instructed not to remove the debris. There were no other witnesses to the accident.

Plaintiff moved for partial summary judgment against defendants on his Labor Law § 240 (1) claim and Atlas crossmoved for summary judgment against Jersen, seeking indemnification. Supreme Court granted plaintiff's motion against defendants, but denied Atlas's cross motion against Jersen, finding questions of fact as to whether Atlas had been negligent in failing to remove debris under its control, precluding indemnification. Atlas appeals, solely challenging the award of partial summary judgment to plaintiff.

To the extent that Atlas contends that the order granting summary judgment to plaintiff on his Labor Law § 240 (1) claim is in error on the premise that Atlas was not the owner of the building where the accident occurred but merely the holding company of the true owner, this issue is unpreserved for our review (*see Cahill v Harter*, 277 AD2d 655, 656 [2000]). In this regard, the general denial of ownership in Atlas's answer was insufficient to create a triable issue of fact so as to defeat plaintiff's motion (*see Vanier v Vanier*, 119 AD2d 903, 904 [1986]; *New York Higher Educ. Servs. Corp. v Ortiz*, 104 AD2d 684, 685 [1984]). Further, Atlas did not raise the issue in its answer to plaintiff's bill of particulars nor in its arguments directed at plaintiff's motion in Supreme Court, having only raised it in its motion against Jersen for indemnification.

Next, we discern no error in Supreme Court's rejection of Atlas's claim that plaintiff's motion was premature in that discovery is incomplete, premised primarily on a notice to take the deposition of a Dwight employee which is dated well after the return date of plaintiff's motion for partial summary judgment and more than six months after all other witnesses were deposed (*see Fiore v Excelsior Ins.*, 276 AD2d 895, 897 [2000], *lv denied* 96 NY2d 755 [2001]). We agree that Atlas neither justified its delayed discovery request (*see Meath v Mishrick*, 68 NY2d 992, 994-995 [1986]; *Sloane v Repsher*, 263 AD2d 906, 907 [1999]) nor demonstrated that further discovery may raise a triable issue of fact (*see Halliday v Norton Co.*, 265 AD2d 614, 617 [1999], *lv denied* 94 NY2d 894; *Fleet Bank v Tiger Racquet Fitness & Exercise Ctr.*, 255 AD2d 793, 795 [1998]).

On the merits, Supreme Court properly awarded plaintiff summary judgment on its Labor Law § 240 (1) cause of action. Plaintiff's uncontradicted testimony established that the ladder, which was unsecured, "collapse[d], slip[ped] or otherwise fail[ed] to perform its function of supporting the workers and

their materials" (*Beesimer v Albany Ave./Rte. 9 Realty*, 216 AD2d 853, 854 [1995]; *see Squires v Marini Bldrs.*, 293 AD2d 808, 808-809 [2002], *lv denied* 99 NY2d 502 [2002]; *Smith v Pergament Enters. of S.I.*, 271 AD2d 870, 871-872 [2000]), and defendant failed to submit evidence raising a triable issue of fact in response to plaintiff's prima facie showing (*see Squires v Marini Bldrs., supra* at 809; *see also Longshore v Paul Davis Sys. of Capital Dist.*, 304 AD2d 964, 966 [2003]; *Smith v Pergament Enters. of S.I., supra* at 872).

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.