■ SHELBY CASUALTY INSURANCE COMPANY, Appellant, v ELIZABETH COMPONO et al., Respondents. [778 NYS2d 96]—

In an action for a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendant Elizabeth Compono in an underlying personal injury action entitled *Liles v Compono,* pending in the Supreme Court, Suffolk County, under Index No. 22974/02, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Oliver, J.), entered November 19, 2003, which denied its motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the

motion is granted, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendant Elizabeth Compono in the underlying personal injury action.

In 2002, the defendant Erika Liles brought the underlying personal injury action against her mother, the defendant Elizabeth Compono, alleging that Compono's dog bit her. Compono submitted the claim to the plaintiff as the issuer of her homeowners' insurance policy for defense and indemnification. The plaintiff subsequently commenced this action against Compono and Liles for a judgment declaring that it was not obligated to defend or indemnify Compono in the underlying action, and moved for summary judgment.

Pursuant to the terms of the policy issued by the plaintiff, the coverage for personal liability excluded, inter alia, bodily injury to an "insured," including Compono and any relatives residing in her household. The plaintiff established its entitlement to judgment as a matter of law by offering evidence that Liles was residing in Compono's home at the time of the incident (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). In opposition, the defendants failed to raise a triable issue of fact as to Liles' residence (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]). Specifically, the defendants conceded that they are related and lived together in Compono's single-family home, sharing a kitchen, dining area, living room, bathroom, and telephone line. Thus, the defendants failed to submit evidence from which a jury could reasonably infer that Liles and Compono maintained separate households. Under these circumstances, the plaintiff's motion for summary judgment should have been granted (see Appell v State Farm Ins. Co., 292 AD2d 407 [2002]; Commercial Mut. Ins. Co. v Wagschall, 256 AD2d 300 [1998]).

Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the plaintiff is not required to defend or indemnify Elizabeth Compono in the underlying personal injury action (see Lanza v Wagner, 11 NY2d 317, 334 [1962], appeal dismissed 371 US 74 [1962], cert denied 371 US 901 [1962]; Appell v State Farm Ins. Co., supra). Santucci, J.P., Smith, Crane and Fisher, JJ., concur.